(4 Misc. Rep. 6.)

PEOPLE ex rel. MARTIN v. SYMONDS et al., Excise Commissioners.

(Supreme Court, Special Term, Ulster County. June 1, 1893.)

1. INTOXICATING LIQUORS—REFUSAL TO GRANT LICENSE—REVIEW.
　　Under Laws 1893, c. 481, providing that the action of an excise board in refusing to grant a license to sell liquor may be reviewed by certiorari, a refusal to grant a license before the act went into effect may be reviewed.

2. SAME—ELECTION OF COMMISSIONERS TO REFUSE LICENSES.
　　An excise board cannot refuse to consider on its merits an application for a liquor license because a majority of the members of the board were elected for the purpose of refusing licenses.

3. SAME—LOCAL OPTION.
　　The election of excise commissioners pledged not to grant liquor licenses is not equivalent to a vote that no licenses shall be granted.

Certiorari by William D. Martin to review the action of Herman Symonds and others, excise commissioners of the town of Shandaken, in refusing to grant a license. Matter returned to excise board for further consideration.

Brinnier & Newcomb, for relator.

R. Bernard, for respondents.

PARKER, J. This is a proceeding by certiorari to review the action of the respondents, as excise commissioners of the town of Shandaken, in refusing to grant the application of the relator for an hotel license. The proceedings are instituted under chapter 481, Laws 1893, which amends section 24, c. 401, Laws 1892. That section authorizes a certiorari to review the action of the board of excise in denying an application for a license in cities of over 30,000 inhabitants. Chapter 481, Laws 1893,[1] so amends section 24 as to authorize a review of a denial of an application for a license in any of the cities or towns of the state. This act, which was approved by the governor on the 29th day of April, 1893, does not provide when it shall take effect. Therefore, under section 43, art. 2, c. 8, Gen. Laws, it took effect 20 days after its approval by the governor, or on the 19th day of May, 1893. The proceedings were instituted on the 20th of May, and, therefore, subsequent to the date whereon the statute took effect. The right of the relator to have his application for a license considered by the board of excise was provided by the statute of 1892, and was therefore in effect on the 1st day of May, 1893, when the board of excise of the town of Shandaken met, and refused to grant the license asked for. That which the legislature undertook to do by chapter 481 of the Laws of 1893 was to provide a remedy by which the determination of the board of excise in certain cases should be reviewed. It is within the province of legislative authority to provide a remedy which shall operate on a right previously existing. By section 2125 of the Code

[1] See note at end of case.

of Civil Procedure proceedings by certiorari may be instituted at any time within four months after the right accrues. The preliminary objections, therefore, do not seem to have been well taken. By the return made by two of the members of the board of excise to the writ it appears that the board did not pass upon the merits of the application. The return declares that, "in refusing said application for license we did not make any inquiry as to the sufficiency of the accommodations of the applicants under the statute, nor as to the necessity of the license applied for, nor as to the form or sufficiency of the bond or application filed." Instead of considering the application, the board passed and entered on its minutes the following statement and resolution: "Resolved, that the reason given by the excise board for refusing to grant licenses in the town of Shandaken is this: That the majority of said board was elected by the people of the town for the purpose of refusing to grant licenses." It further appears from the return that the majority of the board of excise were placed in nomination by persons opposed to the granting of licenses, and their election was deemed by them to have been a determination by ballot on the part of the qualified voters of the town in opposition to the granting of licenses, and it was supposed that such determination was in accordance with some statute providing for local option. By chapter 300, Laws 1845, electors of the several towns and cities of this state were authorized to determine by ballot whether the members of the boards of excise in their respective towns and cities shall or shall not grant licenses for the selling of intoxicating liquors, and, in case the majority of the voters should vote in favor of "no license," then the board of excise to be prohibited from granting any licenses. This act was repealed by chapter 274, Laws 1847. The learned counsel for the board of excise on the argument confessed that he had been unable to find any subsequent statute on the subject other than section 41, c. 401, Laws 1892. That section provides: "Nothing herein, except section 31, shall in any manner apply to any town where the majority of voters have voted for, or hereafter vote for, such local prohibition." The section quoted seems to recognize the existence of a statute on that subject, but, as has already been observed, there was none at the time of its passage. If it could be assumed that this section authorizes a majority of voters to vote in favor of local prohibition, and that thereafter, and until the voters of such town should by vote reverse their action, there should be no licenses granted, nevertheless it would not support the position taken by the respondents here. The ballots were not cast in favor of local prohibition, but for candidates for the office of excise commissioners. The conclusion is therefore reached that the board of excise erred in assuming the existence of a law preventing them from considering and determining whether licenses should be granted to the several applicants. Their action, being based on a misapprehension of law, amounted to legal error, which is properly reviewed by certiorari under the statute referred to. As

it appears from the return that the board of excise did not consider
the application of the relator upon the merits, as it was their duty
to do, the matter must be sent back to them for their consideration
and determination.  Ordered accordingly.

NOTE.

Laws 1893, c. 481, is as follows:

"Chap. 481.

"An act to amend chapter four hundred and one of the Laws of eighteen
hundred and ninety-two, regulating the sale of intoxicating liquors.