(4 Misc. Rep. 10.)

PEOPLE ex rel. JONES v. BENNETT et al., Excise Commissioners.

(Supreme Court, Special Term, Albany County. June 9, 1893.)

INTOXICATING LIQUORS—REFUSAL OF LICENSE—CERTIORARI TO REVIEW.

> A return to a writ of certiorari issued under Laws 1893, c. 481, providing that the action of an excise board in refusing to grant a license for the sale of liquor may be reviewed by certiorari, which gives as the reason for refusing the license that a majority of the members of the board were elected with the understanding that they would not grant licenses, though they recognized their authority to do so, and that the license applied for was not needed, and that the sale of liquors at the place proposed to be licensed would result injuriously to the community, is susceptible of the construction that the license was refused because, in the opinion of the excise commissioners, there were already in their town a sufficient number of places licensed to sell liquor.

Certiorari by Robert S. Jones to review the action of Abram Bennett and others, excise commissioners of the town of Rockland, in refusing to grant a license. Writ quashed.

J. A. Maybee, for relator.

W. Martin Jones, for commissioners.

HERRICK, J. This is a proceeding by certiorari under chapter 481, Laws 1893,[1] to review the action of the defendants in refusing to grant the relator a license to sell intoxicating liquors. Decisions in proceedings of this kind have recently been rendered at several special terms in this state, and I presume the questions arising will be reviewed in some of the appellate courts, and I therefore do not deem it necessary to enter into a discussion of all the questions involved. The decisions already rendered that have come to my notice, as I understand them, have concurred in holding that no person has an absolute legal right to receive a license; that the granting or withholding of a license is within the discretion of the commissioners of excise; that, where the application for a license has been received and acted upon, and the discretion of the commissioner exercised whether they will or will not grant a license, and if in the exercise of that discretion they have not proceeded upon illegal grounds or principles, the conclusion at which they arrive upon such exercise of their discretion will not be disturbed by the court; that the court itself is not vested with the powers of excise commissioners, and will not determine whether a license should or should not be granted. I concur in these conclusions. In a case recently decided by Judge Parker, known as the "Shandaken Case," (23 N. Y. Supp. 689,) the commissioners refused to grant a license upon the ground "that the majority of said board was elected by the people of the town for the purpose of refusing to grant licenses." And it was further set forth in the return made by them "that the majority of the board of excise were placed in nomination by persons opposed to the granting of licenses, and their election was deemed by them

[1] See note, 23 N. Y. Supp. 691.

to have been a determination by ballot on the part of the qualified voters of the town in opposition to the granting of licenses, and it was supposed that such determination was in accordance with some statute providing for so-called 'local option.'" In that case the excise commissioners did not exercise their discretion, did not consider the application of the relator upon the merits; and the learned justice, holding that there was no local option law, and that the acts of the commissioners, being based upon a misapprehension of law, amounted to legal error, which could be reviewed by certiorari, sent the application for the license back to the commissioners for their consideration and determination. In this case, while the majority of the defendants claim that they were elected upon a no license ticket, as did the defendants in the Shandaken Case, and with the express understanding that they would not grant licenses for the sale of intoxicating liquors, yet they recognized the fact that they have the power vested in them to grant or withhold licenses, notwithstanding their election as so-called "no license commissioners," and in the return to the certiorari they assert that they considered the application upon its merits, and refused to grant it for one reason, among others, "that a license is not needed in that hotel, and that the sale of intoxicating liquors thereat would result injuriously to the community." This reason that was assigned by them, taken in connection with that other portion of the return in which they set forth the issue upon which they were elected, and the evils they believe to flow from the liquor traffic, render this portion of the return a little indefinite as to its meaning; that is, as to whether they did not mean that a license was not needed at all, and that the sale of intoxicating liquors at any place would result injuriously to the community,—which, taken in connection with the portion of the return referred to, is probably their meaning,—or whether they mean by it a simple limitation upon the number of licenses granted in the town, and an expression of their opinion that a license is not needed for that particular hotel. Just exactly what is meant could perhaps have been ascertained by a further and additional return; but none was asked, and that construction, I apprehend, must be given to it, if there is room for such a construction, which will constitute a legal reason for refusing to grant a license, or rather constitute a legal exercise of their discretion. I am not prepared to say that commissioners of excise may not, in the exercise of their discretion, limit the number of licenses granted by them, and refuse to issue a license, because there are already a sufficient number of places and persons licensed to sell liquor in their town, and therefore decide that an additional license is not needed. The return is susceptible of the latter construction. The writ of certiorari is quashed, but, inasmuch as the proceedings were commenced before any decisions had been made under the act in question, and the law was so recently passed, and so little understood, it is quashed without costs.