Let an order be entered accordingly.

---

THE PEOPLE ex rel. THOMAS HOPKINS *v*. THE BOARD OF COMMISSIONERS OF EXCISE OF THE TOWN OF CLAVERACK.

THE SAME ex rel. CHARLES PALMER *v*. THE SAME.

THE SAME ex rel. JOHN KINNEY *v*. THE SAME.

THE SAME ex rel. FREDERICK W. DEXHEIMER *v*. THE SAME.

THE SAME ex rel. JAMES A. REYNOLDS *v*. THE SAME.

THE SAME ex rel. GEORGE H. DANFORTH *v*. THE SAME.

THE SAME ex rel. SAMUEL TREBILCOX *v*. THE SAME.

(County Court — Columbia County, July, 1893.)

To a writ of certiorari to review the action of a board of excise commissioners in denying an application for a hotel license, the majority of the board made return among other reasons that, "We have refused to grant the license in this case in the exercise of the discretion vested in us after consideration and deliberation on the merits." *Held*, that said statement contained no matter for consideration upon the hearing on the return to the writ.

On certiorari to review the action of a board of excise commissioners in denying an application for a license, the court must determine from the record brought before it, how and why the board of excise commissioners rejected the application, and whether or not it considered the application on its merits.

In such a case "the merits" are all the facts and rules of law existing in favor of and against the granting of the license, and governing the decision in each particular case.

An applicant for a license has a right to have his application disposed of in accordance with the law.

The discretion possessed by a board of excise commissioners is not to be exercised arbitrarily nor whimsically, but duly and lawfully, and within the range of the statute.

The powers of boards of excise as to the granting or denying liquor licenses are judicial, and not legislative.

It is the duty of excise commissioners to hear and consider, and lawfully adjudicate upon applications for licenses, acting in each case upon its merits as disassociated from the merits of other cases

Under the statute (Laws 1892, chap. 401, § 24, as amended by Laws 1893, chap 481), boards of excise have no power to adopt a resolution that no license shall be granted before the making and consideration of an application and then to reject all applications indiscriminately by reason of the prior resolve.

To a writ of certiorari to review the action of excise commissioners in refusing to grant a license, the majority of the board made return among other reasons: (1) That they were elected as no-license commissioners and with the understanding that they would vote against the application of anyone to sell intoxicating liquors as a beverage; (2) that they were convinced that in refusing to grant any license, they properly represented the people who elected them. *Held*, that said reasons were clearly arbitrary and insufficient both upon principle and authority *People ex rel. Martin* v *Symonds*, 4 Misc. Rep. 6, followed

The return contained as further reason, that the commissioners were convinced that a hotel for the sale of intoxicating liquors as a beverage was not a necessity in the town *Held*, that having been employed as a reason for the adoption of a rule or resolution to deny all applications, it was illegal and arbitrary as so used.

CERTIORARI to review action of excise commissioners in refusing license to relators.

*Dunts & Aldcroftt* and *Samuel B. Coffin*, for relators.

*Brownell & Cochrane*, for defendants.

CADY, J. The questions presented in these several cases arise upon the return to a writ of certiorari issued in each, upon the application of the relators and addressed to the board of commissioners of excise of the town of Claverack.

The writs were allowed under the provisions of chapter 481 of the Laws of 1893, which amends paragraph 24 of chapter 401 of the Laws of 1892. They were argued as one case, and the facts in each are the same.

The return to the writ is signed by Thomas Wilson and

Charles N. Harder, who described themselves as " a majority
of the board of excise of the town of Claverack, in the county
of Columbia." It contains the following statement : " We do
hereby certify and return to the Columbia County Court that
we have annexed thereto and filed herewith a transcript certified
by us of the proceedings and a statement of the other matters
specified in and required by said writ, including copies of all
papers upon which an action is based and a statement of our
reasons for refusing to grant such applications." Then they
say : " We have refused all applications to sell intoxicating
liquors as a beverage. We further return that we have
refused to grant the license in this case in the exercise of the
discretion vested in us, after consideration and deliberation on
the merits."

An important query is presented at this point : Can the
statements in the two sentences last quoted be considered at
all upon this hearing ?

They do not appear to be any part of the record ordered to
be returned, nor any paper, resolution or statement a return
of which is provided for in said statute. They are rather in
the way of comments or glosses upon the action of the board
of excise commissioners, or of explanation of such action.

The legislature evidently intended to have the writ bring
up on its return a record of the official acts and statements
attending the rejection of the application, rather than any-
thing in the nature of subsequent exegesis.

The return signed by Mr. Wilson and Mr. Harder is dated
June 27, 1893. The record of the meeting at which the
relator's application was denied, shows that it was held on the
21st day of June, 1893, and the statements under considera-
tion form no part of that record.

The rule of law is that : " If the return contains matters
inserted by way of explanation or otherwise, besides what is
ordered to be returned, such matter is irrelevant and is not to
be regarded, and the same is true of matters asserted merely as
matters of belief or information and not as a fact." Fiero
Spec. Proc. 128, and cases cited. Under this rule the allega-

tion of the commissioners, Wilson and Harder, to the effect that: " We have refused to grant the license in this case in the exercise of the discretion vested in us, after consideration and deliberation on the merits," must be eliminated as not containing any matter to be considered here.   The court must determine from the record brought before it how and why the board of excise commissioners rejected the application, and whether or not it considered the application upon its merits. It is quite possible that the allegation above referred to was inserted in the return to accord with a suggestion contained in the opinion of Mr. Justice HERRICK at the Albany Special Term, June 9, 1893, in *People ex rel. Jones* v. *Bennett*, 4 Misc. Rep. 10.

I suppose that " the merits " in the case of an application for a license to a board of excise commissioners are all those elements of the matter upon which the board can lawfully exercise the powers and the discretion vested in it ; or, in other words, the facts and the rules of law existing in favor of and against the granting of the license and governing the decision in each particular case.

Inquiry must first be made and answered by the board whether the applicant possesses the statutory qualifications for a license.   Next the form and sufficiency of his bond must be determined.   In the third place, if these preliminary issues are resolved in favor of the applicant, is to be considered the propriety of granting a license for the particular building or place where it is proposed to sell liquor.

It is, of course, not suggested that the statute provides for this order of action, but only that such an order seems to be logical.

That all these matters must be considered and acted upon by the board does, however, in my view of the law seem to be necessary.   Without passing upon the question whether a person may or may not have an absolute right to a license under any circumstances, it may be safely said that an applicant has a right to have his application disposed of in accordance with the law.

The consequence would seem to follow necessarily that if

334        COUNTY COURT.

People ex rel. Hopkins *v.* Commissioners of Excise.    [Vol. 4.

his application has not been so disposed of, and has been denied, that it has been "arbitrarily denied," or denied without good or valid reasons therefor. Chap. 481, Laws 1893.

The discretion possessed by a board of excise commissioners is not to be exercised arbitrarily nor whimsically, but duly and lawfully and within the range of the statute, for the board is a purely statutory creature.

Bearing these considerations in mind, an examination of the record will be proper. The papers upon which the writ was allowed affirmatively set forth the fact that the applicant possessed the requisite statutory qualifications, and that the building in which he proposed to conduct the business was not obnoxious to any statutory provisions.

These allegations are not controverted by the return in such manner as to prevent their consideration; and, under the provisions of section 2138 of the Code of Civil Procedure, the case is to be heard "upon the writ and return, and the papers upon which the writ was granted."

The record sent up on the return, shows that the relator "presented an application for a hotel license in said town, accompanied by a necessary bond. Motion made and seconded that his application for a hotel license be denied. Motion carried. Wilson and Harder voting in the affirmative, and Miller in the negative. Messrs. Wilson and Harder assigning their reasons, which were duly filed as follows:

"We, the undersigned, constituting a majority of the board of excise of the town of Claverack, N. Y., do make and file the following statement of our reasons for refusing to grant any and all applications which may be made to us for a license to sell intoxicating liquors in said town:

"I. We were elected as no-license excise commissioners by the people of the said town of Claverack, and with the understanding that we would vote against the application of any one to sell intoxicating liquors as a beverage.

"II. We are convinced that we properly represent the people who elected us when we refuse to grant a license for any place in said town of Claverack, N. Y.

" III. We are convinced that a hotel for the sale of intoxi-
cating liquors as a beverage is not a necessity in said town of
Claverack, N. Y.

" THOMAS WILSON,

" CHAS. N. HARDER,

" *Excise Commissioners of the town of Claverack, N. Y.*

" Dated *June* 21, 1893."

The fair inference from the face of this part of the record—
and it is substantially all that is returned — is that before act-
ing on the application, the majority of the board had deter-
mined to grant no licenses in the town for the three reasons
stated.

That this is the fact, appears from schedule B, annexed to
the petition of the relator for the writ, which is not contro-
verted by the return.

Thus the question is squarely presented, whether the board
had power under the statute to adopt a resolution that no
license shall be granted for any or all three of the group of
reasons stated, before the making and consideration of an
application, and to then reject all applications indiscriminately
by reason of the prior resolve.

In my opinion such a course is arbitrary and such a reason
is arbitrary. The course is arbitrary because no statute pro-
vides for it, and because it involves a prejudging of each
application and because it applies a fixed and unbending stand-
ard of denial to each application when the applicant is entitled
to have his case fairly heard and disposed of upon its merits.
The reason is arbitrary because no statute provides for it, and
because it is not based upon any fact or circumstance going to
make up the merits of any particular application, and because
it exceeds in its scope and differs in its nature from any power
which the legislature conferred in enacting the statute that
created the excise commissioners and the excise system. The
reasons stated in the return might be very appropriately acted
upon by a legislative body having constitutional authority to
pass an absolutely prohibitive statute, because they are all
excellent reasons for prohibition. Instead of acting judicially

**336** COUNTY COURT.

People ex rel. Hopkins *v.* Commissioners of Excise. [Vol. 4.

upon each application the board assumed legislative functions and in effect enacted a rule that no licenses should be issued in the town. Such action seems to me to be arbitrary and in excess of the power possessed by the body.

Commissioners of excise were not created by the legislature either to grant all licenses applied for or to reject all licenses applied for, but, among other things, to hear and consider and lawfully adjudicate upon such applications as might be made for licenses, acting in each case upon its merits as disassociated from the merits of other cases. The powers of the boards over this subject are judicial and not legislative.

My views in this regard differ somewhat from those stated in the opinion in *People ex rel. Kidd* v. *Commissioners of Excise of the Town of Montgomery, Orange County*, but I think that they accord with those of Mr. Justice HERRICK in *People ex rel. Jones* v. *Bennett*, 4 Misc. Rep. 10, where he says: " I am not prepared to say that commissioners of excise may not, in the exercise of their discretion, limit the number of licenses granted by them, and refuse to issue a license, because there are already a sufficient number of places and persons licensed to sell liquor in their town, and therefore decide that an additional license is not needed."

The statute expressly gives the commissioners power to grant or deny particular applications.

I fail to see wherein it gives them power to enact, or adopt an absolutely prohibitive rule or resolution and to thereupon reject applications because of that rule.

The first two reasons given by the board " for refusing to grant any and all applications which may be made " for a license, are clearly arbitrary and insufficient, both upon principle and upon the authority of *Martin, as Relator*, v. *Symonds*, 4 Misc. Rep. 6.

The third reason, viz.: " III. We are convinced that a hotel for the sale of intoxicating liquors as a beverage is not a necessity in said town," is employed in these cases as a reason for the adoption of a rule or resolution to deny all applications. I regard it as illegal and arbitrary, as so used.

It is no doubt entirely competent for a board of excise to deny an application for a license for a particular house or building on the ground that a hotel is not necessary at that point because there is a sufficient number of licensed places in the vicinity or in the town, or because for some other good reason it is not needed or ought not to exist.

Such a decision would be the result of judicial action upon the particular application which is the character of the action of the board as provided for by the statute, and it is not legislative.    It may be urged in answer to this reasoning that the distinction raised is one of form and not of substance, and that the result that was reached by the defendants here when they decided to grant no licenses in the town of Claverack may be attained as a practical result by a series of denials of particular applications.

To this the fair rejoinder is that in cases of this nature it is difficult to say when substance ends and form begins, and that form and method in statutory proceedings are very often matters of great substance.

The keynote of this decision is that while the applicant may well be not entitled to a license as a matter of right, he is as a matter of right entitled to a lawful disposition of his application upon its merits.

Such a disposition has not in my judgment been made of any of these applications.    I do not hold that each or any of these applicants is entitled to a license, for I do not propose to invade the province of the discretion of the board of excise. That province exists under the law and must be held inviolate. In the language of Mr. Justice PARKER in *People ex rel. Martin* v. *Symonds,* 4 Misc. Rep. 6, the action of the board of excise "being based on a misapprehension of the law amounted to legal error which is properly reviewable by certiorari under the statute referred to."    As it appears from the returns that the board of excise did not consider the applications upon their merits as it was their duty to do, the matter in each case must be sent back to them for their consideration and determination.

43

Each relator shall have his costs of the proceeding to be allowed and fixed.

Let orders be entered accordingly.