(5 Misc. Rep. 457.)

### McNAUGHTON v. BOARD OF EXCISE OF TOWN OF ARGYLE.

(Supreme Court, Special Term, Clinton County.   November, 1893.)

1. EXCISE COMMISSIONERS—IRREGULAR PROCEEDINGS.
   A board of excise commissioners, after adjourning sine die, reassembled on the same day, and then adjourned to a certain day. On the adjourned day they met, and considered applications for liquor licenses. *Held*, that such reassembling was irregular, and therefore the action taken by them on the adjourned day was invalid.
2. SAME—REFUSAL TO GRANT LICENSES.
   A board of excise commissioners cannot refuse to grant liquor licenses on the ground that they were elected to refuse the same.

Certiorari by Fred McNaughton to review the action of the board of excise of the town of Argyle, in the county of Washington, in refusing to grant a liquor license to relator.   Writ quashed.

Delcour S. Potter and A. D. Wait, for the motion.
John B. Conway and D. M. Westfall, opposed.

KELLOGG, J.   The return to the writ of certiorari issued herein makes voluminous statements of facts, mainly on information and belief, but fails to state that such facts weighed with the board of excise in their refusal to grant license to the applicant, McNaughton. I think the only reasons which can be considered on this review are those appearing in the minutes of the board, and the reasons given at the time of the refusal. Only one of these reasons seems to me valid,—the first reason. The minutes of the first day's meeting show that the board had adjourned without day before the application was filed. That they subsequently, on the same day, reconvened, and then adjourned to the 15th of May, on which day the members of the board present acted on the application, and adversely to the application. It is of this action that the petitioner complains. It is clear to me that this meeting was unauthorized. The board, after adjournment without day, could not again convene in this irregular manner; hence no action by the board legally constituted has ever been taken on the applicant's petition.

The idea seems to be prevalent among the people, and particularly among members of boards of excise, that boards of excise may be elected to refuse to grant licenses; that members of the board have the right to assume that because they were avowed no-license men before election that in accepting the office they have no duty to perform. Such is not the case as the law contemplates it. Excise commissioners are elected to grant licenses. That is their sole duty. The people have provided a way by which they may

express themselves against the sale of intoxicating liquors in their towns by voting for local prohibition direct, as pointed out in section 41, c. 401, Laws 1892. Such an expression dispenses with excise commissioners entirely, but so long as the people elect excise commissioners the members of the boards so elected can assume nothing except that they were elected to grant licenses. On such application for a license they must exercise their judgment, investigate and determine as to the fitness of man and place, and the needs of the particular locality, and, if license is refused, a valid reason should be apparent for such refusal. When valid reasons are given, they must be deemed true and conclusive on review until the legislature gives powers to the courts to take testimony to test the truthfulness of such stated reasons. On the ground stated in the first reason given by the board and entered in their minutes of May 15, 1893, this writ is quashed, with costs to the board of excise in the sum of $50.