(9 Misc. Rep. 249.)

PEOPLE ex rel. DEUTSCH v. DALTON et al., Commissioners of Excise.

(Common Pleas of New York City and County, Special Term.    June, 1894.)

INTOXICATING LIQUORS—LICENSES—PLACE NEAR CHURCH.
    A building, the first floor of which is used for religious meetings, the rest being used as offices for directors and physicians, dormitories, and store rooms, the whole constituting a mission for the reformation of fallen women, but not connected with any church, and with which no clergyman is associated, is not a church, within the meaning of Laws 1893, c. 480, § 43, forbidding the issuance of a license to sell liquor within 200 feet of a building used "exclusively as a church."

Certiorari by Samuel Deutsch to review determination of excise board.    Decision of board set aside.

William F. S. Hart, for relator.
Edward Browne, for board of excise.

BISCHOFF, J.    Relator applied for the transfer of a saloon liquor license from the premises No. 170 Suffolk street to premises No. 11 Bleecker street; and the application was refused by the excise board upon the ground, solely, that the latter premises were

upon the same street with, and having entrance within, 200 feet of a building occupied exclusively for church purposes. Laws 1893, c. 480, § 43. The building referred to is that occupied by the Florence Mission, an association devoted to the reformation of fallen women. It does not appear that this mission is organized in connection with any church, and it is alleged and uncontradicted that no clergyman or pastor is therewith associated. According to the description contained in the return made by the excise board, the building is utilized in the following manner:

"The basement floor, as a kitchen and dining room, in connection with said mission. The first floor is used for religious meetings every evening until after midnight, the second floor as a sitting room, and two rooms which are occupied by the matrons connected with said mission, and also an office for the board of directors, which are used in connection with said mission. The third floor contains two dormitories, with twenty-six beds, which are used by the inmates of said mission who attend the religious services. Another portion of said floor is used as a physician's office, who is also connected with said mission. In the garret, or top floor, a portion of the same is used as a storeroom, and also a cook's sleeping apartment, which is also attached to said Florence Mission."

Argument is unnecessary to demonstrate the fact that this building does not come within the rule invoked by the board of excise in sole support of its denial of the relator's application, and yet we are to assume that by placing its decision upon this exclusive ground the board exercised the ample discretion possessed in such cases in favor of the applicant. The admirable object of the Florence Mission, in its prosecution of the commendable work described, might well have appealed to that discretion, and the appeal have resulted in the avoidance of such an opposing element to the mission's pursuit as the close proximity of a saloon could readily be apprehended to present. Disposition must be here made of the case, however, upon the ground stated in the return to the writ. It was not within the power of the court to refuse allowance of the writ of certiorari in this case, notwithstanding its possible satisfaction with the result of the board's determination. By the common law the allowance of the writ was discretionary (People v. McCarthy, 102 N. Y. 630, 8 N. E. 85; People v. Commissioners, etc., of Brooklyn, 103 N. Y. 370, 8 N. E. 730; People v. Peabody, 26 Barb. 437; People v. Board of Health, 33 Barb. 344; People v. City of Rochester, 21 Barb. 656; People v. Andrews, 52 N. Y. 455; People v. Hill, 53 N. Y. 547; People v. Mayor, etc., 5 Barb. 43), and so by Code Civ. Proc. § 2127. But by statute the issuance of the writ to the excise board is declared to be imperative, in the case where an application for license is denied. Laws 1893, c. 480, § 24. By the terms of the above statute, it is also provided that the court may direct a license to issue upon its reversal of the excise board's determination. The court is empowered so to do, but this function it is certainly not required to usurp. People v. Bennett, 4 Misc. Rep. 10, 23 N. Y. Supp. 695. It is indeed a question whether the legislature may have the power to impose such a non-judicial duty upon the courts. People v. Waters, 4 Misc. Rep. 1, 23 N. Y. Supp. 691. And the direction provided for rests, at all

events, in discretion. Martin v. Symonds, 4 Misc. Rep. 6, 23 N. Y.
Supp. 689; People v. Commissioners of Excise, 4 Misc. Rep. 547,
24 N. Y. Supp. 739; People v. Board of Excise, 7 Misc. Rep. 415, 27
N. Y. Supp. 983; McNaughton v. Board, etc., 5 Misc. Rep. 457, 26 N.
Y. Supp. 229. It would certainly appear that in this case the func-
tions in question were sought to be thrust upon the court. The de-
termination of the board of excise is therefore set aside, and the
matter remitted for its further consideration and action, in the ex-
ercise of its sound discretion. Ordered accordingly.