### In re BLOOMINGDALE et al.

(Supreme Court, Special Term, New York County.   October 3, 1894.)

LIQUOR LICENSE—SURRENDER OF OUTSTANDING LICENSE.
   Laws 1893, c. 481, provides that, if the court determines that an applica.
   tion for a liquor license has been denied arbitrarily, or without valid rea-
   sons therefor, the court may command said board to grant said applica-
   tion: *Held*, that the court would not interfere with the enforcement by
   said board of a rule requiring applicants to surrender a current or existing
   license before the issuance of a license for a new place.

Certiorari by Joseph B. Bloomingdale and others, to review the action of the excise commissioners in refusing to grant a liquor license.   Quashed.

Hornitz & Hershfield, for petitioner.
Julius M. Mayer, for Board of Excise.

LAWRENCE, J.   The relators, on the 8th of August, 1894, made an application for a storekeeper's license for the premises 990–1008 Third avenue.   The application was referred to one of the inspect-ors of the board of excise, who reported favorably thereon.   On the 7th of September, 1894, the bond which was attached to said application was approved by the board of excise, and notice given to the relators that, upon complying with the rule established by the respondents, the license applied for by them would be issued; such rule being, in brief, that the board of excise required that, before the issuance of a license for a new place, such as the relators made application for, they must surrender a current or existing license.

This application is made under the provisions of chapter 481 of the Laws of 1893, which is entitled "An act to amend chapter 401 of the Laws of 1892, regulating the sale of intoxicating liquors." That act provides that:

   "Whenever a board of excise, in cities of over 30,000 inhabitants, shall have determined to deny an application for a license, or a board of excise in other cities, or in any town, shall have determined to deny an application for a hotel or an innkeeper's license in such other city, or in a town, such board shall file in its office, with such application, a statement of the reasons for such de-termination, and shall, if so requested, furnish the applicant or applicants a copy of such statement, and of the resolution entered upon its records express-ing such determination.   Such applicant or applicants shall have the right to a writ of certiorari to review the action of such board.   The writ may be made returnable to and the cause heard by a city court, a superior court, a court of common pleas or a county court in the county, or the supreme court or a jus-tice thereof, in the judicial district in which the premises sought to be licensed are situated.   If the writ shall be granted, the board of excise to which it is directed shall, in its return thereto, include copies of all papers on which its action was based, and a statement of its reasons for refusing to grant such application.   If such court shall, upon the hearing, determine that such ap-plication for a license has been by such board arbitrarily denied, or denied without good or valid reasons therefor, such court may make an order com-manding such board of excise to grant such application and to issue a license to such applicant upon the payment of the proper license fee."

A certiorari has been issued pursuant to said act, and return has been made by the board of excise of the record of the proceedings upon which the action of the board was based.   In such return the respondents deny that they have wrongfully refused to issue the

license or withheld the same from the relators, and they set forth a copy of a rule passed May 15, 1893, and amended on November 3, 1893, in the preamble to which it is, in substance, stated that, by a rule heretofore adopted, the board refused to increase the number of licenses for saloons where liquors are sold to be drank on the licensed premises, and provided that a new saloon should not be licensed unless an existing licensed saloon was closed, and that the result of the passage of that rule has been that the number of saloonkeepers' licenses has been materially decreased, while the revenue therefrom has increased, and that the policy thus adopted has been received by nearly all classes of citizens with approval, and has received the unqualified support of the municipal authorities for its enforcement. In said preamble it is also stated that, since the enforcement of the above rule, there has been a very large increase in the number of storekeepers' licenses, which only license the sale of strong and spirituous liquors, etc., not to be drank on the licensed premises; that said licenses have been obtained for a much less fee than those issued to saloonkeepers, and that such increase tends to defeat the purpose for which the restriction upon the number of drinking places was made, etc. It was therefore resolved that for all storekeepers' licenses issued on and after May 15, 1893, to sell strong and spiritous liquors, etc., not to be drank on the licensed premises, the license fee shall be $200, and that the board of excise will not grant any increase in the number of storekeepers' licenses beyond the number now licensed, and that a storekeeper's license will not be issued for a new place except upon the closing of a place for which a storekeeper's or saloon license exists, and the surrender of such license for cancellation.

It has been frequently held that a license to sell liquor is not a matter of right, and that a large discretion is necessarily vested in the excise board in determining whether to grant or refuse an application therefor. People v. Waters, 4 Misc. Rep. 1, 23 N. Y. Supp. 691; Metropolitan Board of Excise v. Barrie, 34 N. Y. 657; Ex parte Persons, 1 Hill, 655; People v. Norton, 7 Barb. 477; People v. Jones, 54 Barb. 315; People v. Wright, 3 Hun, 306. It has also been held, under the act of 1893, that, upon the refusal of an excise board to grant a license to sell liquor, the court will not, on certiorari, review the facts and reasons which influenced the excise board, but will confine its review to the question of whether, in refusing the license, the board committed an error of law. People v. Waters, supra; People v. Bennett, 4 Misc. Rep. 10, 23 N. Y. Supp. 695. Upon the facts presented by the papers, I do not think that an order should be made commanding the board of excise to grant the application of the relators upon any other conditions than those upon which it has already been granted, to wit, upon the relator's complying with the rule in question. It will be seen that the act of 1893, above set forth, only authorizes the court to interfere where it determines, upon a hearing, that the application has been arbitrarily denied, or denied without good and valid reasons. It cannot, it seems to me, be maintained that the rule which is set forth in the return of the excise commissioners is an arbitrary one, or that the commissioners

were not justified in passing it, and making it a condition of the granting of an additional storekeeper's license.

I therefore discover no reason for reviewing or reversing the action of the commissioners, and the writ of certiorari heretofore issued must be quashed.