(14 Misc. Rep. 177.)

PEOPLE ex rel. SIMONS v. MURRAY et al.. Commissioners of Excise.

(Common Pleas of New York City and County, Special Term. October 23, 1895.)

1. CERTIORARI—HEARING—MATTERS TO BE CONSIDERED.

Code Civ. Proc. §§ 2138, 2139, provide that the hearing of the certiorari must be on the "writ and return, and the papers upon which the writ was granted," and that "affidavits or other written proofs" may be received for the purpose of showing facts essential to the jurisdiction of the body or officer to make the determination to be reviewed. *Held,* that certiorari to review the decision of the excise commissioners in refusing to grant a liquor license is to be heard on the affidavit on which the writ was issued, the writ and the return of the commissioners thereto, but additional affidavits cannot be considered.

2. INTOXICATING LIQUORS—LICENSE—PROXIMITY OF CHURCH.

On certiorari to review the decision of the excise commissioners in refusing to grant a liquor license, a return to the writ, stating, as the reason for refusal, that the place for which the license was sought was within the prohibited distance of a building used exclusively as a church, is not supported by evidence that "the building was a residence, but the two first floors had been thrown together, and changed into a church," and that "over the church was the residence of the pastor and of the janitor, all in the same building."

Certiorari by Charles A. Simons to review the decision of Joseph Murray and others, constituting the board of commissioners of excise of the city of New York, in refusing to grant to relator a license to sell liquor on premises No. 98 Lexington avenue in said city.

Amasa Thornton, for relator.

Julius M. Mayer, for board of excise.

GIEGERICH, J. The first question to be determined is, what papers may be considered upon this hearing? At common law only the return to the writ was before the court upon review. In re Eightieth Street, 16 Abb. Prac. 169; People v. Board of Fire Com'rs, 73 N. Y. 457; People v. Commissioners Dept. Fire and Buildings, 106 N. Y. 64, 12 N. E. 641. Code Civ. Proc. § 2138, has, however, changed the former practice by requiring that the hearing must be upon the "writ and return, and the papers upon which the writ was granted." Now, therefore, the writ and the papers upon which it was granted must also be looked to (People v. Commissioners Dept. Fire and Buildings, supra; People v. Board of Sup'rs (Sup.) 2 N. Y. Supp. 555; People v. French, 25 Hun, 111, 10 Abb. N. C. 418), and for the purpose of showing facts "essential to the jurisdiction of the body or officer to make the determination to be reviewed," "affidavits or other written proof" may be received (Code Civ. Proc. § 2139; People v. Court of Sessions of Ontario Co., 45 Hun, 54; Buckley v. Drake, 9 Civ. Proc. R. 336. Consistently with the practice just enunciated, I am confined, upon this proceeding, to a consideration of the writ and the affidavit upon which it was issued, and to the return of the writ. Various additional affidavits which have been submitted cannot be regarded.

The license was refused; as appears from the written decision of. the commissioners, which is included in the return, "for the reason that the place for which a license is sought is on the same street with, and having its nearest entrance within 200 feet of the nearest entrance to, a building occupied exclusively as a church, and that said premises were not licensed prior to the enactment of chapter 401 of the Laws of 1892, or chapter 480 of the Laws of 1893." If there is no competent proof of a fact necessary to be proved, the proceeding must upon certiorari be reversed. People v. Court of Sessions of Ontario Co., supra. The only evidence I can find, in the papers I am permitted to consider as before me, of the fact that the. building in question was occupied exclusively as a church, is in the report made to the excise board, and signed by D. Hoyle, general inspector, that "the building was a residence, but the two first floors have been thrown together, and changed into a church. Over the church is the residence of the pastor and of the janitor, all in the same building." Here is no statement that the portion of the building which has been changed into a church was used exclusively as such, nor that the portions occupied by the pastor and janitor are used exclusively for purposes of residence, nor that there are not other portions of the building devoted to still other uses. Neither the writ nor the petition upon which it was issued supplies these defects. It may be unnecessary to remark, after what precedes, that I think a church edifice may, within the intent of the statute above referred to, be deemed "a building occupied exclusively as a church," although a pastor, or janitor, or other necessary or customary officer, resides therein. The determination under review must therefore be annulled; but I deem it best to remit the matter to the board of excise for its further consideration and action, as was done by this court in People v. Dalton, 9 Misc. Rep. 249, 30 N. Y. Supp. 407.

The relator may have $50 costs and his disbursements.