In the Matter of JAMES NORTON, Appellant, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the State Liquor Authority refusing to renew a restaurant liquor license, petitioner appeals from so much of an order on reargument as dismissed the application. The renewal was refused on the grounds that (1) the premises were not operated as a bona fide restaurant; (2) adequate books and records were not maintained; and (3) the premises were located within 200 feet of a building occupied exclusively as a church or place of worship. Order, insofar as appealed from, reversed on the law and the facts, without costs, respondents' determination annulled and the matter remitted to respondents for reconsideration and action not inconsistent herewith. Under the provisions of subdivision 7 of section 64 of the Alcoholic Beverage Control Law, the State Liquor Authority was prohibited from issuing a liquor license for petitioner's premises if they were actually within 200 feet of a building occupied exclusively as a church or other place of worship, and it had no power to perpetuate the illegality, if a license had been issued under such circumstances, by renewing the license. It was not estopped from refusing the renewal by virtue of the fact that it had previously determined that the building occupied as an alleged place of worship did not come within the purview of

the cited section, and that there had been no change in the nature and character of the occupancy since that determination. (Cf. *Wells* v. *Johnston,* 171 N. Y. 324, 328; *City of Yonkers* v. *Rentways, Inc.,* 304 N. Y. 499, 504–505; *Matter of Whitford,* 166 Pa. Super. Ct. 48.) In our opinion, however, the building in question, occupied by the Missionary Workers of New York, Inc., was not used exclusively as a church or place of worship within the meaning of subdivision 7 of section 64 of the Alcoholic Beverage Control Law (cf. *Matter of Corbett* v. *Maraventano,* 61 N. Y. S. 2d 211, affd. 270 App. Div. 1038; *People ex rel. Deutsch* v. *Dalton,* 9 Misc. 249; *Matter of Finley* [*Davidson*], 58 Misc. 639), and the refusal to renew the license on that ground was therefore erroneous. We are also of the opinion that the finding that petitioner's premises were not operated as a bona fide restaurant was not supported by substantial evidence. While there was proof from which it could have been found that in June, 1952, the premises were not operated as a bona fide restaurant, petitioner was warned of that condition by the State Liquor Authority in July, 1952, and there was no evidence that thereafter he failed to operate a bona fide restaurant or that meals were not available as required by subdivision 27 of section 3 of the Alcoholic Beverage Control Law. The fact that the volume of food sales was small is not controlling, in the absence of proof that meals appropriate to the type of clientele and character of the neighborhood could not be obtained. (Cf. *Matter of Radigan* v. *O'Connell,* 280 App. Div. 92, 98, mod. on other grounds 304 N. Y. 396.) The finding that petitioner failed to maintain adequate books and records was supported by sufficient proof. (*Matter of Flo Inn* v. *O'Connell,* 305 N. Y. 602.) While it is doubtful that such a violation, standing alone, would be considered by the respondents as affording a substantial basis for a refusal to permit the continuance of the licensed business, it is for respondents and not for the court to determine that question, at least in the first instance. The matter is remitted therefore for such determination. Findings of fact inconsistent herewith are reversed and new findings are made as herein indicated. Nolan, P. J., Carswell, Adel, MacCrate and Schmidt, JJ., concur.