■    In the Matter of LYLE S. HARWOOD et al., Petitioners, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination unanimously annulled, with costs and matter remitted to the State Liquor Authority for further proceedings in accordance with the memorandum.    Memorandum: The State Liquor Authority denied the appellants' application for a restaurant wine license on the ground that " the premises sought to be licensed are not operated as a bona fide restaurant as required by law in that food sales are low ".    There is no question of the good faith of the appellants or of the fact that the premises had been used exclusively as a restaurant for over five years prior to the application.    Appellants have a regular restaurant license issued by the local health board, and have recently made extensive and expensive improvements.    The restaurant is open every day from 7:00 A.M. to 8:00 P.M., and sells steaks, chops and complete meals.    Appellants expect that their food business will increase if they are permitted to sell wine.    Their character is attested by the statement of the Deputy Commissioner: " I find that I have met two of the nicest old people who are trying to eke out a living in this community by making applications for an RW license."    He found that the applicants were eligible for a beer license, but not a wine license.    The premises are located in a small village in Cattaraugus County, New York, and are seven miles from the nearest other restaurant.    It is true that by certain standards the food sales have been low, but of course this is a relative matter and cannot be determined arbitrarily simply on volume.    In *Matter of Norton* v. *O'Connell* (282 App. Div. 744, 745) the court said: " The fact that the volume of food

sales was small is not controlling, in the absence of proof that meals appropriate to the type of clientele and character of the neighborhood could not be obtained." We think that quotation is particularly applicable to this case, and that appellants meet the standards set forth. The determination of the Authority was arbitrary, not sustained by the record, and the matter should be remitted to the State Liquor Authority for further consideration and exploration of the facts. Furthermore, the record does not sufficiently state or demonstrate valid reasons upon which the denial was based. (Review of determination of respondent disapproving petitioners' application for a restaurant wine license, transferred by order of Erie Special Term.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.