■ In the Matter of LOUISA VITALE et al., Petitioners, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Law and Rules, to annul a determination of the respondent State Liquor Authority, made October 8, 1963 after a hearing, which disapproved the petitioners' application for a restaurant liquor license. By order of the Supreme Court, Kings County, made December 27, 1963, pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for determination. Determination annulled, without costs; and respondent directed to issue forthwith such license to petitioners. For over 30 years the petitioners' store has been operated as a restaurant. While the restaurant is small, it has an experienced chef, a well-kept, sufficient and modernized kitchen, and serves an Italian cuisine with a variety of more than 50 items of food cooked on order. At a counter devoted to service of food, there are 8 fixed and permanent stools. These are separated by a modern cash register and metal barrier from another 8 fixed and permanent stools in the front and at the " elbow " of a bar devoted to the sale of beer. In addition, there are tables accommodating 26 other patrons. The recommendation of the hearing officer was to grant the application. In rejecting such recommendation, the Authority concluded, without any proof, that the establishment was not a bona fide restaurant (*Matter of Radigan* v. *O'Connell*, 280 App. Div. 92, mod. 304 N. Y. 396; *Matter of Rochester Colony* v. *Hostetter*, 19 A D 2d 250; *Matter of Norton* v. *O'Connell*, 282 App. Div. 744, app. dsmd. 306 N. Y. 843; *Matter of 54 Cafe & Rest.* v. *O'Connell*, 274 App. Div. 428, affd. 298 N. Y. 883). This conclusion was buttressed by answering allegations to the effect that the bar would predominate because a patron, upon entering, would be required to go around it to reach the food counter. We regard this circumstance, as well as the fact that in the Summer months of 1963 there were more dollar sales of beer than of food, as of no probative force. Under the circumstances, it must be held that the Authority's determination was without any substantial evidence to sustain it and, hence, arbitrary. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ IMMACULATE PISANO, Respondent, v. CHARLES JOSEPH, Appellant. GRACE GAMBINO, Respondent, v. FLORENCE SHUMAN, Appellant.— In two companion actions for the dissolution of an alleged partnership and for an accounting, the respective defendants in each action appeal from an order of the Supreme Court, Queens County, dated October 15, 1963, which, as to each action: (1) granted the plaintiff's motion to restore the action to the calendar for trial; opened plaintiff's default; vacated the prior dismissal of the action under rule 302 of the former Rules of Civil Practice, and restored the action to the Trial Calendar for a specified date; and which (2) denied defendant's cross motion to dismiss the action for lack of prosecution. Orders affirmed, without costs. No opinion. Beldock, P. J., Kleinfeld, Hill and Rabin, JJ., concur; Ughetta, J., dissents and votes to reverse the orders and to deny the plaintiffs' motions and to grant the defendants' motions, with the following memorandum: The conceded inactivity for at least two years of each plaintiff with respect to the prosecution of her case is in large part attributable to her own inexcusable neglect, and not to her claimed inability to obtain a new attorney in place of the original attorney. Under the circumstances, defendants' motions to dismiss should have been granted unconditionally.