THE PEOPLE ex rel., ISAAC W. PECK, Appellant, *v.* THE COMMISSIONERS OF THE DEPARTMENT OF FIRE AND BUILDINGS IN THE CITY OF BROOKLYN, Respondent.

Under the provision of the Code of Civil Procedure in reference to a hearing upon return to a writ of *certiorari* (§ 2138), which provides that the hearing must be had " upon the writ and return and the papers upon which the writ was granted " where the return admits the facts stated in the writ, or the papers upon which it was granted, or is silent as to them, such facts must be considered and have effect upon the hearing.

*It seems* where the return meets all the allegations of fact contained in the writ and the papers upon which it was granted and traverses them, the hearing must be confined to the facts stated in the return

Under the provision of the charter of the city of Brooklyn of 1873, (§§ 9, 14, title 13, chap 863 Laws of 1873), as amended by the act of

1874 (§ 20, chap. 589 Laws of 1874), specifying the causes for which members of the Department of Fire and Buildings in the city of Brooklyn may be dismissed, before there can be any conviction and removal, the member proceeded against is entitled to notice of the charge against him, a hearing and trial.

Where, therefore, it appeared by the affidavit, writ and return herein, that the relator was, without trial or hearing, dismissed by the commissioners of said department from the position of detailed fireman and member of the department. *Held,* that the proceedings of the commissioners were erroneous and void.

(Argued May 3, 1887 ; decided June 7, 1887.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department made February 15, 1887, which affirmed an order of Special Term, affirming the proceedings of the defendant in removing the relator from his position as a member of the Department of Fire and Buildings in the city of Brooklyn.

The material facts are stated in the opinion.

*Edward F. O'Dwyer* for appellant. The appointment of the relator became a vested right of which he could only be deprived (divested), upon charge, trial and conviction. (Laws of 1873, chap. 863, tit. 13, § 14 ; *People ex rel. Munday* v *B'd Fire Com'rs,* 72 N. Y. 445 ; *People ex rel. Folk* v. *B'd of Police,* 69 id. 408.) The repeal of the power of removal as expressed in section 9, act of 1873, is evidence of the intention of the legislature to limit the power of removal to the provision made therefor in section 14. (*Com'rs* v. *Keith,* 2 Barr. 218 ; Potter's Dwarris, 204 [N.] ; *Munday's Case,* 72 N. Y. 448 ; *Smith's Case,* 103 id. 370.)

*Almet F. Jenks* for respondent. The return was conclusive as to the status of the relator and the character of the position from which he was removed. (*People ex rel. Sims* v. *Fire Com'rs,* 73 N. Y. 439 ; *Haines* v. *Judges of Westchester,* 20 Wend. 625.) The removal of the relator was lawful. (Laws of 1873, chap. 863, tit. 13, § 9.) The power to appoint carries with it the power to remove. (*People ex rel. Sims,* 73 N. Y. 439.)

Earl, J. The petitioner presented to the Supreme Court a verified petition in which he represented that he was, and had been for a long time, a member of the department of fire and buildings of the city of Brooklyn ; that on the 15th day of September, 1879, he was a duly appointed and acting detailed fireman of that department, having been appointed by the commissioners of that department; that on that day the commissioners irregularly, illegally and without authority or jurisdiction, and without cause, removed him from his position ; and he prayed for a writ of *certiorari* directed to the commissioners commanding them to certify and return to the court all proceedings had before them in reference to his removal. Thereupon a writ of *certiorari* was granted, directed to such commissioners, reciting that Isaac W. Peck, a duly appointed and acting detailed fireman of the department of fire and buildings of the city of Brooklyn was, on the 15th day of September, 1879, removed by the commissioners of that department from such position, and commanding them to make return to the writ. In obedience to that writ the commissioners returned simply that, at a meeting of the board of commissioners, held September 15 1879, they adopted the following resolution :

" *Resolved*, That Isaac W. Peck, inspector of kerosene oil, be dismissed."

The return did not deny that Peck, at the time of his dismissal, was a member of the department of fire and buildings of the city of Brooklyn, or that he had been duly appointed and was then acting as a detailed fireman of that department as alleged in his affidavit; neither did it deny the allegation in the writ that he was a duly appointed and acting detailed fireman of the department. It did not allege that Peck was appointed inspector of kerosene oil, or that that was the official position which he occupied in the department. Consistently, with the facts alleged in the affidavit and the writ, he was a fireman, detailed at the time of his dismissal as an inspector of kerosene oil. Indeed, nothing is returned except the fact of Peck's dismissal.

The return, therefore, is a plain, unambiguous admission that while Peck occupied the position of detailed fireman in the department of fire and buildings in the city of Brooklyn, he was summarily dismissed by the resolution returned.

The practice prior to the adoption of the present Code required that the hearing upon the return to a writ of *certiorari* should be solely upon the return. (*People ex rel. Sims* v. *Fire Commissioners*, 73 N. Y. 437.) But by section 2138 of the present Code it is now required that the hearing upon the return to a writ of *certiorari* must be had " upon the writ and return and the papers upon which the writ was granted." Under this section, where the return meets all the allegations of fact contained in the writ, and the papers upon which it was granted, and traverses them, then the hearing must be confined to the facts stated in the return. But where the return admits the facts stated in the writ or the papers upon which it was granted, or is silent as to them, then such facts become important, and must be considered and have effect upon the hearing. (*People ex rel. McCarthy* v. *French*, 25 Hun, 111.)

Therefore, looking at these papers — the affidavit, writ and return — it appears that without any trial or hearing the commissioners summarily dismissed the relator from his position as a detailed fireman and member of the department of fire and buildings of the city of Brooklyn. The case, therefore, as it appears in the record, is precisely like that of *People ex rel Smith* v. *Commissioners, etc.* (103 N. Y. 370), and upon that authority this appeal must prevail.

Since writing the above, the learned counsel for the respondents has submitted an additional brief, in which he makes for the first time the point that " there was no provision of law at the time of the removal of the relator which prohibited the dismissal of any member of the department of fire and buildings, whatever his position," and he claims that the point was not decided in the case of *People ex rel. Smith* v. *Commissioners, etc.*, because it was not there made, and that it was there assumed that removals could be

made only after convictions. We think it clear that the point is not well taken.

The Brooklyn charter act, chapter 863 of the Laws of 1873, title 13, section 14 provides as follows : "It shall be the duty of said commissioners to make suitable regulations under which the officers and men of the department shall be required to wear an appropriate uniform and badges, by which, in case of fire and at other times, the authority and relation of such officers and men may be known, and the commissioners shall have power, in their discretion, on conviction of a member of the department for any legal offense or neglect of duty, or violation of rules, or neglect or disobedience of orders or incapacity, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or other breach of discipline, to punish the offending party by reprimand, forfeiting or withholding pay for a specified time, or dismissal from the department, but no more than ten days' pay shall be forfeited and withheld for any offense."

This section standing alone specifies the cases in which, and the causes for which, dismissals may be made, and the plain implication is that they cannot be made in any other cases or for any other causes. The latin phrase *expressio unius exclusio alterius* furnishes the rule of construction which must be applied. By well settled rules applicable to such cases before there can be any conviction under this section the member proceeded against is entitled to notice of the charge made against him and to a hearing and trial. It would, therefore, be quite absurd to hold that a worthy and competent member of the department, who was guilty of no offense or delinquency of any kind, could be arbitrarily dismissed without a charge, hearing or trial, but that a member guilty of some of the offenses or delinquencies mentioned could be dismissed only after a trial and conviction.

But it is claimed that section 9 of the same title throws some light upon the meaning of section 14, and that section, as originally enacted in 1873, was as follows : "The said com-

missioners shall have power to select a secretary, chief and assistant engineers, and as many officers, clerks, firemen, engineers, drivers, inspectors and bell ringers as may be declared necessary by the common council; and the same shall at all times be under the control of said commissioners, and perform such duties as may be imposed upon them by the said commissioners, and may be removed by said commissioners."

But the conflict between that section and section 14 having probably been perceived, the legislature the next year, by section 20 of chapter 589, amended section 9 to bring it into harmony with section 14 so as to make it read as follows: "The said commissioners shall have power to select a secretary, chief and assistant engineers, and as many officers, clerks, foremen, engineers, drivers, inspectors and bell ringers as may be necessary, provided that the salaries of such employes, in the aggregate, shall not exceed the amount annually raised by the proper officers for such purpose. The said employes shall at all times be under the control of said commissioners, and perform such duties as may be imposed upon them by the said commissioners." The omission from the section of the absolute power of removal is quite significant and leaves no doubt as to the proper construction of section 14.

The last paragraph of section 7 of the act, chapter 377 of the Laws of 1880, passed after the dismissal of the relator, made no new provision, but applied the prior law to the new state of things.

The orders of the General and Special Terms, and the proceedings of the commissioners of the department of fire and buildings of the city of Brooklyn, should be reversed, with costs to the relator in the Supreme Court and in this court.

All concur.

Ordered accordingly.