THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE TROY UNION RAILROAD COMPANY, RESPOND-ENT, v. EDWARD CARTER AND OTHERS, ASSESSORS OF THE CITY OF TROY, AND JOHN D. SPICER, COMPTROLLER OF THE CITY OF TROY, APPELLANTS.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. THE TROY UNION RAILROAD COMPANY, RESPOND-ENT, v. EDWARD CARTER AND OTHERS, ASSESSORS OF THE CITY OF TROY, AND WILLIAM J. ROCHE, COMPTROLLER OF THE CITY OF TROY, APPELLANTS.

*Exemption of Troy Union Railroad Company from taxation, under chapter* 462 *of* 1853, *is constitutional — writ of* certiorari, *under chapter* 269 *of* 1880, *to whom issued — chapter* 462 *of* 1853 *not affected by chapter* 201 *of* 1885.

The exemption from taxation, given to the Troy Union Railroad Company by chapter 462 of the Laws of 1853, prescribing the amount at which the Troy Union Railroad Company is to be assesssed, and practically exempting all

PEOPLE ex rel. TROY UNION R. R. CO. v. CARTER.    459

THIRD DEPARTMENT, MAY TERM, 1889.

property of that company beyond such amount from taxation, is within the powers of the legislature.

Chapter 201 of the Laws of 1885, prescribing the form of oath to be attached to assessment-rolls by the assessors, does not change their obligation in that respect, which has always been to assess property at its value; nor did it affect or repeal chapter 462 of the Laws of 1853.

In proceedings, instituted under chapter 269 of the Laws of 1880, to review an assessment made for the purposes of taxation, a writ of *certiorari* may properly issue and be directed to the assessors who made the assessment, and also to the comptroller of the city, in whose possession the assessment-roll is.

*People ex rel. Bay State* v. *McLean* (80 N. Y., 254) distinguished.

APPEAL by the defendants from a judgment recovered at a Special Term of the Supreme Court, held at the city of Hudson on the 14th day of July, 1888, and entered in the office of the clerk of the county of Rensselaer on the 17th day of January, 1889, reducing the assessment made of the property of the relator to $30,000.

This proceeding was taken under the provisions of chapter 269 of the Laws of 1880, to review and reduce the valuation placed upon the property of the relator by the assessors of the city of Troy, and entered on the assessment-rolls for the purposes of taxation for the year 1886, on which roll the said property of the relator was valued and assessed for the purposes of taxation at the aggregate sum of $783,984.

By chapter 462 of the Laws of 1853, it is provided that " for the purposes of taxation in the city of Troy and in the county of Rensselaer the property of the Troy Union Railroad Company shall be estimated and assessed as the common council of said city of Troy, by its contract with said company, dated December 3, 1852, agreed that the same should be, at the amount of the capital stock of said company, and no more."

The contract referred to in such act of 1853 provided, among other things, as follows : " The party of the first part agrees that the common council of the city of Troy shall join in an application to the legislature of the State of New York, that the Troy Union Railroad Company be exempt from taxation upon an amount exceeding the present amount of its capital stock ;    *    *    *    and if such law shall not be passed, the common council of the city of Troy shall refund to the Troy Union Railroad Company an amount equal to the city taxes imposed on the Troy Union Railroad Company for

460   PEOPLE ex rel. TROY UNION R. R. CO. v. CARTER.

THIRD DEPARTMENT, MAY TERM, 1889.

any valuation exceeding its present capital stock." The capital stock of the company was $30,000.

*R. A. Parmenter*, for the appellants.

*Esek Cowen*, for the respondent.

LEARNED, P. J.:

We think that, under chapter 269, Laws of 1880, the writ was properly issued, and that it should not have been quashed either as against the assessors or as against the comptroller. It issued against the assessors because it was to review their action; against the comptroller because the roll was in his possession. The case of *People ex rel. Bay State* v. *McLean et al.* (80 N. Y., 254), cited by the defendants, was decided in February, 1880, and did not arise under this act. So of many other cases cited by defendants. The case of *People ex rel. Porter* v. *Tompkins* (40 Hun, 228) could not have been a case under this act, as will appear on noticing the time when the *certiorari* issued.

Nor is the return to a *certiorari* under this act conclusive. The object of the act is to have a review, and that, too, on further evidence if necessary. These objections of the defendants have been settled against them in many cases. We think that there is nothing in the change made by chapter 201, Laws 1885, of the form of oath to be attached to the assessment-roll which affects the question in this case. The assessors had always been required to assess property at its value. And that change in form of the oath did not change their obligation in this respect. Nor can that act be understood to effect a change in, or to repeal, the law upon which the relator relies, viz., chapter 462, Laws of 1853. The only question here is as to the validity of that law and of the alleged contracts to carry out which it was passed.

It is not contended by the relator on this argument that that part of the act which affects the Rensselaer and Saratoga bridge is valid, because the relator admits that that subject is not expressed in the title. "If a local act contains a subject which is properly expressed in the title, it is valid as to that subject, although invalid as to a subject not expressed." (*In re Van Antwerp*, 56 N. Y., at page 267; *People ex rel City of Rochester* v. *Briggs*, 50 id., 553.)

As to the taxation of this Troy Union Railroad Company, that subject is expressed in the title of the act in question sufficiently, so that the act is not unconstitutional in that view. It appears that this act was passed as the result of an agreement between the city of Troy and those railroads who were to form this new company for the purpose of constructing a Union depot. Whether it is wise for the legislature to pass acts exempting certain property from taxation is not for us to say. This has often been done in respect to benevolent institutions and in respect to the property of clergymen. If property of benevolent institutions may be excepted, so may the property of other institutions of a different character.

While this act has the form of fixing the amount at which the company is to be assessed, it is practically an act that all property of the company beyond that amount shall be exempt. This may be unjust to other persons, natural and artificial, in the State, but the injustice, if any, is one that we cannot redress. The power is in the legislature. (*Humphrey* v. *Pegues*, 83 U. S. [16 Wall.], 244.)

The order should be affirmed, with fifty dollars costs and disbursements against the appellants.

LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with fifty dollars costs and disbursements.