PEOPLE *ex rel.* TABER *et al. v.* ADAMS, Commissioner.

(*City Court of Brooklyn, General Term.* March 28, 1892.)

MUNICIPAL CORPORATIONS—SEWER ASSESSMENTS—CORNER PROPERTY.

A lateral sewer benefits an abutting owner as well by drainage of the street as by his pipe connections with the sewer. Therefore the owner of corner property is liable to assessment for sewers on either street, under Laws 1888, c. 583, § 29, providing that abutting owners shall be assessed "in proportion to the benefit received by them, respectively."

Appeal from special term.

*Certiorari* on the relation of Charles S. Taber and another against John P. Adams, commissioner of city works of the city of Brooklyn, to review a sewer assessment. From a judgment for defendant, relators appeal. Affirmed.

Argued before VAN WYCK and OSBORNE, JJ.

*Charles S. Taber,* for appellants.    *Almet F. Jenks,* for respondent.

VAN WYCK, J. This is a proceeding to review, on writ of *certiorari,* the determination of the respondent in levying on relators' lot an assessment for a lateral sewer in Butler street, between Albany and Kingston avenues. In their affidavit for the writ, they allege that they are the owners of a lot on the corner of Butler street and Albany avenue which faces 80 feet on Butler street and 22 feet and 3 inches on Albany avenue, and that this lot is part of lot 50 on block 117 on the assessment map of the Twenty-Fourth ward. Relators' sole contention is that their lot does not front on Butler street, and is not benefited by this lateral sewer, and therefore the assessment was illegally levied upon it, because title 15, c. 583, Laws 1888, § 29, provides that the cost of a lateral sewer must be assessed upon the owners of lots fronting on the street through which it runs, "in proportion to the benefit received by them, respectively, not exceeding the actual benefit derived therefrom by them, respectively." A corner lot faces or fronts on two streets. It has a frontage on both streets, though the house built upon it may have its principal door for egress and ingress facing only one street. The lateral sewer benefits the owners of lots facing on the street through which it runs, in two ways: It drains the street upon which the lots face, and the houses thereupon, which the owners have the privilege and right of connecting with such sewer. This disposes of the complaints of the relators; for they do not pretend to show the amount to be excessive, but rest upon the contention that this corner lot has no frontage on Butler street, and is not at all benefited by such sewer. This view of the case relieves us from deciding whether or not, under the authority of *People* v. *Fire Com'r,* 106 N. Y. 64, 12 N. E. Rep. 641, the denial of respondent that he has knowledge or information sufficient to form a belief as to whether relators owned the lot, or there was a house thereon, or that it was connected with a sewer in Albany avenue, is such a denial as calls upon us to assume that they were not the owners, and that there was no house thereon, and no connection with that sewer. For the same reason, it is unnecessary to decide whether or not the determination of respondent made on June 19, 1891, more than four months before this writ was granted, of which the relators complain, was final and binding upon them, within the meaning of Code Civil Proc. § 2125. In our opinion the relators are entitled to a final order confirming the determination of the respondent, with $30 costs.