THE PEOPLE ex rel. CHARLES H. O'CONNOR, Respondent, *v.*
JOHN P. ADAMS, Commissioner, etc., Appellant.

The relator, an honorably-discharged soldier, was, after a civil service
examination and in accordance with the rules of that service, appointed
a temporary clerk in the bureau of water rates in the city of Brooklyn;
three others who had not been soldiers were also appointed at the same
time. The relator was assigned to the discharge of specific duties and
when these were performed he was notified that his services were no
longer needed, and he thereafter ceased to act as such clerk; the three
others who were assigned to other duties were retained. In proceed-
ings by mandamus to compel the recognition of relator as a clerk in said
bureau, *held*, that the act of 1887 (Chap. 464, Laws of 1887), which gives
honorably-discharged soldiers a preference for municipal appointments
did not apply; that relator had no right to claim that one of the three
other appointees should be discharged to make room for him in another
position.

Also *held*, that the provision of the act of 1887 (Chap. 708, Laws of 1887),
which provides that " an honorably-discharged soldier holding a position
in the city of Brooklyn shall not be removed except for good cause
shown after a hearing, but shall hold such position during good behavior "
did not apply, as the relator was not removed from any position, but
was simply notified that his services were no longer needed and thus his
term of service was ended; that he could not claim to hold such a tem-
porary position " for and during good behavior " after its duties were
performed.

*People ex rel.* v. *Adams* (53 Hun, 141), reversed.

(Argued April 11, 1892; decided April 19, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made June 26, 1889,
which reversed an order of Special Term denying a motion
for a mandamus and directed one to issue, commanding
defendant to restore the relator to the office of clerk in the
bureau of water rates in the department of city works in the
city of Brooklyn, from which he had been discharged.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*William T. Gilbert* for appellant. Relator's discharge was
legal. (*People ex rel.* v. *Adams*, 51 Hun, 583.) The moving

papers fail to show, that at the time of relator's discharge, the fact that he was an honorably-discharged Union soldier, was brought to the attention of the appointing power, viz., John P. Adams, commissioner of city works. (*In re Wortman*, 22 Abb. [N. C.] 137, 143.) The General Term committed a fatal error in directing a peremptory writ of mandamus to issue. (*People* v. *Cromwell*, 102 N. Y. 477.)

*William J. Gayner* for respondent. The relator's moving papers were sufficient on their face to entitle him to a peremptory mandamus. (Laws of 1887, chap. 464.) Relator was appointed for a definite term, and his removal, except for cause and after a hearing, was unlawful. (Laws of 1887, chap. 708.) Cause for removal and a hearing were jurisdictional prerequisites, and the removal of relator without cause or hearing was irregular and void. (*People ex rel.* v. *Thompson*, 94 N. Y. 459.) Every intendment that a liberal construction of the statute can give must be in favor of relator. (Laws of 1887, chap. 464.)

EARL, Ch. J. On the 8th day of May, 1888, the commissioner of city works of the city of Brooklyn gave notice to the city civil service commissioners that there were required for immediate use in the bureau of water-rates the services of four temporary clerks at a compensation of one hundred dollars per month, and he requested that they be furnished without delay. On the receipt of this notice and requisition, the civil service commissioners certified to the commissioner of city works for temporary clerks the relator and three other persons, and they were appointed. It appears that the water-rates of the city of Brooklyn become payable on the first day of May of each year, and that during that month, there is an unusual rush of business for the transaction of which temporary clerks are needed. The relator was assigned to a particular position in charge of the bill desk for the ninth, twenty-fourth and twenty-fifth wards of the city. The regular clerk for that position was temporarily assigned to the cash-room in the same department. On the ninth day of June thereafter, the regular

clerk returned to the performance of his usual duties, and the necessity for the relator's employment ended, and the following notice was then sent to him by the chief clerk of the department of city works: "Sir: I am directed by the commissioner to notify you that your services are no longer required by this department after this date." Thereafter the relator ceased to act as temporary clerk, but the other three temporary clerks who were appointed at the same time and assigned to other duties in the same department were retained.

The relator was an honorably-discharged Union soldier; but the other three temporary clerks had not been soldiers. Hence he claims that he should have been retained in his employment as temporary clerk, and that some one of the others should have been discharged. He applied for a peremptory writ of mandamus to compel the commissioner of the department of city works to recognize him as a clerk in the bureau of water-rates, and allow him to have and hold the position and employment and receive the salary attached thereto. The court at Special Term denied the writ; but upon appeal to the General Term, the order of the Special Term was reversed and a writ of peremptory mandamus ordered to be issued commanding the comissioner of city works to recognize the relator in the department of water-rates by virtue of his appointment thereto on the 8th day of May, 1888, and " as the person lawfully entitled to such clerkship, and restore him to and place him in possession of said office, position and clerkship, and permit him to render service therein, and have and receive the salary attached thereto, and otherwise do what may be lawful and necessary in the premises, to vest said relator with the said office, position and clerkship *de jure* and *de facto.*"

That order of the General Term was made on the 29th day of June, 1889, and if upheld, the relator appointed to a temporary clerkship only, would be restored to the office after more than a year had elapsed, and presumably long after the occasion for his services had ceased.

The relator bases his claim upon the provision contained in the act, chapter 464 of the Laws of 1887, section 1 of which

provides that: "In every public department and upon all public works of the state of New York, and of the cities, towns and villages thereof, and also in non-competitive examinations under the civil service laws, rules and regulations of the same, wherever they apply, honorably-discharged Union soldiers and sailors shall be preferred for appointment and employment;" and section two provides that "all officials or other persons having power of appointment to, or employment in, the public service, as set forth in the first section of this act, are charged with a faithful compliance with its terms, both in letter and spirit, and a failure therein shall be a misdemeanor." These provisions do not apply to such a case as this. Here a temporary clerk was needed, and the relator, an honorably-discharged Union soldier, and so far as appears the only one eligible, was preferred for appointment and assigned temporarily to the discharge of specific duties, and when those duties had been discharged and his services were no longer needed, he was simply notified of the fact. In no proper sense was he discharged. He filled the appointment of temporary clerk for some time, and when his services were no longer needed they were dispensed with.

It is impossible to see what just ground of complaint he has. It is true that there were three other persons appointed as temporary clerks, whose duties, as we must assume, had not been fully discharged, and they were, therefore, retained. But he could lay no claim to any of their positions. He could not ask that they, who had been lawfully placed in the positions of temporary clerks, should be discharged to make room for him, and there is no statute which gives him such a right. He had no greater right to claim their places than any other eligible honorably-discharged soldier had, and he had no standing by writ of mandamus to compel the commissioner of city works to put him in one of the places filled by them.

Nor is the relator's case governed by chapter 708 of the Laws of 1887, which provides that "all persons holding positions in the city of Brooklyn, or county of Kings, receiving a salary from said city and county treasury, who shall be an

honorably-discharged soldier or sailor of the late war of the
Rebellion, shall not be removed from such position except for
good cause shown after a hearing had, but such person or per-
sons shall hold such position for and during good behavior."
That provision manifestly does not apply to such a case as
this. The relator was not removed from any position. He
was appointed for a temporary purpose, and when that pur-
pose was served he was simply notified that his services were
no longer needed, and thus his term of service had ended. He
had no right whatever to any longer term. A temporary
clerk could not claim to hold a position to which he was
assigned "for and during good behavior."

We have, therefore, reached the conclusion that the learned
General Term fell into error, and its order should be reversed
and that of the Special Term affirmed, with costs in the Supreme
Court and in this court.

All concur.

Order reversed.