THE PEOPLE OF THE STATE OF NEW YORK ex rel. ORRANDO P. DEXTER, Appellant, *v.* ELIJAH A. PALMER and Others, as Assessors of the Town of Waverly, in the County of Franklin and State of New York, Respondents.

| 86 | 513 |
| 148a | 732 |
| 86 | 513 |
| 92 | 352 |
| 86 | 513 |
| 43ap202 |
| 86h | 513 |
| 53ad617 |

*Tax — certiorari under chapter 269 of 1880 — the return not conclusive — proceeding not governed by technical rules.*

At common law and under section 2138 of the Code of Civil Procedure, a return made to a writ of certiorari is conclusive upon both parties as well as upon the court. But where it is sought to review the correctness of an assessment by a writ of certiorari under the provisions of chapter 269 of the Laws of 1880, and a reference is ordered to take testimony, the respondents to the writ may show, in reference to the statement in the return that they have assessed the property of the relator at its true value, that the property was assessed at an amount less than its true value, but at the same rate at which they assessed the other property in the same district.

Such proceeding is not an action in any of its essential features, but is a special proceeding and is necessarily governed by rules peculiarly adapted to such proceedings and not by the analogies of pleadings in either common-law or equitable actions.

*Quære,* whether the petition, writ and return in a certiorari proceeding can be governed by the technical rules applicable to pleadings in ordinary actions.

APPEAL by the relator, Orrando P. Dexter, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Franklin on the 21st day of August, 1894, quashing and dismissing a writ of certiorari, affirming the assessment sought to be reviewed and awarding costs and disbursements to the defendants, and also from an order made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Franklin on the 21st day of July, 1894, upon which said judgment was entered.

*J. P. Badger,* for the appellant.

*J. W. Webb* and *John P. Kellas,* for the respondents.

MAYHAM, P. J.:

The respondents in their return to the writ of certiorari in this matter state, among other things, that they assessed the relator's property at " its true value as it would be appraised in the payment of a just debt due from a solvent debtor."

The case was not heard at Special Term upon the petition of the relator and the return, but a reference was awarded, and there was proof taken before the referee tending to show that the real estate of the town of Waverly was not assessed at its full and true value in the year in which the assessment in question was taken, but that it was that year assessed at about thirty-five per cent of its real value. At the hearing before the referee the respondents introduced evidence, under the objection of the relator, that the relator's property in question was not assessed at its full value, and proof was made by the respondents that the relator's property, which was assessed at $4,800, was really worth from $10,000 to $12,000.

The first point urged by the appellant for a reversal of the order of the Special Term, and the judgment entered in pursuance thereof, is that the defendants, by their return to the writ of certiorari, made by them under oath, are estopped, and that the return is an estoppel of record against them, and that it was error to receive evidence of the real value of the relator's property in contradiction of, or at variance with, the return, and that for the purposes of this proceeding the real value of the relator's property must be taken to be the value as fixed by the assessors in their return. At common law, and

under the Code of Civil Procedure (§ 2138), a return seems conclusive upon both parties as well as the court. (*People ex rel. Peck* v. *Commissioners, etc.*, 106 N. Y. 67.)

But by chapter 269 of the Laws of 1880 it was provided that in the certiorari provided for in that act to review the correctness of an assessment, "if, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter the court may take evidence, or may appoint a referee to take such evidence as the court may direct, and report the same to the court, and such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made." In the case at bar a reference was ordered by the Special Term on the motion of the relator, and without opposition on the part of the respondents, and on such reference a large amount of testimony was taken, which, with the writ and return, seems to have been considered by the court at Special Term on the final hearing, the relator objecting to the consideration by the court of any evidence taken before the referee on the application of the respondents tending to increase the valuation of the relator's property above the sum fixed in the assessment, which, by the return, the respondents had alleged was assessed at its true value as set forth in the return.

If the respondents and the town, which they as assessors represented, are concluded by the return, then the receipt and consideration of such evidence by the court was error for which the determination of the Special Term should be reversed.

The question is, therefore, sharply presented whether the assessors in this class of certiorari are concluded by their return to the writ, or whether, when the relator, by refusing to adopt the conclusiveness of the return, obtains a reference, and thus opens the field to extraneous evidence, and thus by proof seeks to assail its correctness, he can prevent the respondents from showing that the property in question was undervalued in the assessment and return, for the purpose of showing that there was in fact no inequality in the assessment of the relator's property as compared with other property in the town.

The case discloses that the relator on grievance day appeared before the assessors and sought to reduce the valuation of the property in question from $4,800 to $2,000; but it also appears that he

refused to answer pertinent questions propounded to him by the assessors on that hearing, and his testimony on that occasion furnished the assessors no reliable data for determining the real value of his property, so that, unless the assessors are concluded by their return, there was apparently no impropriety, on the hearing before the referee, in ascertaining by proof the real value of this property.

We are referred to no case in which it has been determined that the return in a case like this is conclusive on the officers making it. The case of *The People ex rel. D. & H. Canal Co.* v. *Parker* (117 N. Y. 86) is not an authority upon this question. It is true that the court in that case, in discussing the effect of the act of 1880, on the writ of certiorari, uses this language : " In all this we observe that an old writ, whose function and character was well settled and understood, was applied to a new purpose, and moulded so far, and only so far, as was necessary to accomplish the review desired." This language, we think, falls far short of sustaining the contention of the relator, that the assessors and town are estopped by the return. Under the old writ, to which the learned judge refers, the relator would be concluded by the return. Under the modification he may attack it and show the actual and relative value of the relator's property as compared with other property on the same assessment roll. The new purpose embodied in the act of 1880 is that of determining by proof the equality or inequality of assessments on the same assessment roll, and the " new process " is " moulded " " so far as was necessary to accomplish the review desired."

Section 3 of the act of 1880 makes it the duty of the assessors to return the assessment roll or other original papers acted on by them, or certified or sworn copies of the same, and the return may concisely set forth such other facts as may be pertinent or material to show the value of the property assessed.

Can it be fairly claimed that the opinion of the assessors, that they had assessed this property at "its true value, as it would be appraised in the payment of a just debt," would be such a statement of fact as would estop them and the town which they represent, even if the return upon an allegation of fact could be held an estoppel ? It was, at most, but a conclusion or opinion of the assessors, which they were not required to give in making their return to this writ. But it is also urged by the relator that the respondents

are concluded by the return from giving the evidence objected to, assuming that the return is but an answer in an action.

If this were an action governed by the ordinary rules of pleadings in actions, the contention of the relator would be entirely sound. But it is not quite clear that the petition, writ and return in a certiorari proceeding can be governed by the technical rules applicable to an ordinary pleading.

It is not an action in any of its essential features, but a special proceeding, and is necessarily governed by rules peculiarly adapted to such proceedings, and not by the analogies of pleadings in either common-law or equitable actions.

It will be observed that the language used by the respondents in their return as to the value at which the relator's land was assessed, and by which it is claimed by the relator that the respondents are estopped, is precisely identical with the language used by them in the fourteenth paragraph of the return as to all the property assessed in that town, and yet it is insisted by the relator, and properly so, that that allegation may be controverted by proof ; and upon the proof offered by the relator it seems to have been established that the balance of the property of the town was assessed at about thirty-five per cent only of its real value.

The petition of the relator sets up that the assessment of the relator's real estate is unequal, as compared with the assessment of other real estate of the town.

The manifest purpose of the Legislature in providing this remedy by certiorari and allowing the return to be assailed by proof, was to furnish a means by which inequalities of assessment might be corrected, but that means would fail if, as in a case like this, the assessors of a town have assessed the property at a percentage far below its true value, and the relator is permitted to show the true value of all other property in the town, and then to insist that his property at the assessed value is rated at its true value. It was to prevent such results that the Legislature provided that "such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made."

Much of the confusion in cases of this character arises out of the well-known and almost universal practice of assessors, as in this case, of assessing property at but a fraction of its true value, and then, in

verifying the assessment roll, swearing that they have assessed property at its full, true value. But we are not called upon to correct that abuse on this appeal, but rather to see whether, from the whole record, including the evidence taken in this proceeding, such an inequality exists in this assessment as justifies the court in setting aside the assessment; and in doing this we think we must consider as well the evidence offered by the relator as that offered by the respondents, notwithstanding the objection taken by the relator, that the respondents were estopped from giving the evidence offered by them by their return  (*People ex rel. Warren* v. *Carter*, 47 Hun, 447; *People ex rel. Wallkill Valley R. R. Co.* v. *Keator*, 36 id. 592.)

In *People ex rel. U. & D. R. R. Co.* v. *Smith* (24 Hun, 71) LEARNED, P. J., in discussing the effect of evidence offered on certioraris of this kind, says: " Not only may the court take testimony or appoint a referee for that purpose, but *expressly* such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made. That is, the court is to determine upon testimony to be taken. Thus the rule that the return is conclusive is swept away in this proceeding, and the court is to receive other testimony on which to determine whether the assessment is illegal, erroneous or unequal."

We are clearly of the opinion that the evidence offered by the respondents, tending to prove the real value of the relator's land in question, was competent.

That being so, the Special Term was called upon to consider the evidence upon the question of fact as to whether or not the relator's property was unequally assessed as compared with other assessments in that town, and upon such examination and consideration that court has found against the relator.

We think its finding is fully sustained by the evidence.

The order and judgment appealed from must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Order and judgment affirmed, with costs.