THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM KIN-
SELLA, Relator, v. FREDERICK W. WURSTER, Commissioner of the
Fire Department of the City of Brooklyn, Respondent.

*Certiorari — upon what papers the case will be heard — test of membership in the
Brooklyn fire department.*

Upon the return to a writ of certiorari the case is not to be heard and decided
upon the return alone, but upon the return and the papers upon which the
writ was granted.

Where a man is appointed temporarily upon the fire department of the city of
Brooklyn, or as a laborer merely, he cannot be said to be a member of the force
although he might be called upon to hold the hose at a fire. Such membership
depends somewhat upon the intention of the parties making and accepting the
appointment. The giving of a badge and fire box key is evidence thereof, but
the matter is to be determined upon all the facts and circumstances disclosed.

CERTIORARI issued out of the Supreme Court, and attested the 26th
day of May, 1894, directed to Frederick W. Wurster, commissioner
of the fire department of the city of Brooklyn, commanding him to
certify and return to the office of the clerk of the county of Kings all
matters in reference to the appointment or appointments of William
Kinsella as a member of the fire department of the city of Brook-
lyn and all proceedings and testimony had and taken touching the
removal of said William Kinsella from membership in the fire depart-
ment of the city of Brooklyn and to answer the allegations contained
in the petition of the said William Kinsella.

*Edward F. O'Dwyer*, for the relator.

*Albert G. McDonald* and *H. O. Wood*, for the respondent.

PRATT, J.:

I think the relator was a member of the force for extinguishing
fires although it is denied by the respondent.

The case relied on by respondent (*People ex rel. Sims* v. *Fire
Commissioners*, 73 N. Y. 437) has been qualified so that the case is
not to be heard and decided alone upon the return, but upon
the return and the papers upon which the writ of certiorari was
granted. (*People ex rel. Peck* v. *Comrs.*, 106 N. Y. 64.) In that
case Judge EARL, in writing the opinion, said: " The practice prior

to the adoption of the present Code required that the hearing upon the return to a writ of *certiorari* should be solely upon the return. (*People ex rel. Sims* v. *Fire Commissioners*, 73 N. Y. 437.) But by section 2138 of the present Code it is now required that the hearing upon the return to a writ of *certiorari* must be had 'upon the writ and return and the papers upon which the writ was granted;' under this section, where the return meets all the allegations of fact contained in the writ and the papers upon which it was granted and traverses them, then the hearing must be confined to the facts stated in the return." (106 N. Y. 64.)

The respondent's statements that relator is not a member of the force amounts only to an opinion, but the facts and circumstances attending his relations to the force and appearing in the writ, return and papers, must be considered and the issue decided upon them.

Where a man is appointed temporarily, or as a laborer merely, he cannot be said to be a member of the force, although he might be called upon to hold the hose at a fire. It depends somewhat upon the intention of the parties making and accepting the appointment. The giving of a badge and box key is evidence thereof, but the test is to be determined upon all the facts and circumstances disclosed. It is stated in the return that relator was hired as a laborer, never wore the uniform of the department and never was upon the pay-roll. From all the facts, I am constrained to hold that he was never a member of the force within the meaning of the statute requiring a trial before the department can discharge him, but that he falls within the class that the commissioner can discharge without trial.

Writ quashed, without costs.

BROWN, P. J., and DYKMAN, J., concurred.

Determination confirmed, without costs.