THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY B. C.
DWIGHT, Respondent, v. BENJAMIN S. PLATT and Others,
Assessors of the Village of Clinton, in the County of Oneida,
Appellants.

*Taxation — review of an assessment by certiorari — when a refusal to answer questions
of the assessors does not prevent it — government bonds are wholly exempt.*

Where a petition, by a person assessed, to obtain a writ of certiorari under chap-
ter 269 of the Laws of 1880, to review an assessment of personal property,
alleges that the assessment of the petitioner was illegal, erroneous and void
upon the ground that she was not then, and had not been at any time during
the year for which such assessment was levied, the owner of any personal
property in the village, in behalf of which such assessment had been levied,
which was the subject of taxation, a case is presented where the court is justi-
fied in appointing a referee, under section 4 of such act, to take evidence and
to report the same to the court.

A person, aggrieved by an assessment, is not precluded from reviewing the action
of the assessors, because, when examined by them upon " grievance day," she
refused to answer a question as to how many and what amount of United
States bonds she had bought during the year preceding the one for which the

assessment was levied, when the issue made by the petition and return was whether she had personal property to the amount of $50,000, in the village of Clinton, which was the subject of taxation.

*Semble*, that United States government bonds are exempt from taxation, not simply to the extent of their par value, but also to the extent of their market value.

Appeal by Benjamin S. Platt and others, assessors of the village of Clinton, in the county of Oneida, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Oneida on the 8th day of July, 1895, directing a reference and appointing a referee to take evidence in relation to the matters set forth in the petition of the relator and the return thereto.

*C. D. & Seth C. Adams*, for the appellants.

*Wm. Townsend*, for the respondent.

Per Curiam:

On the 23d day of May, 1895, a writ of certiorari was issued out of the Supreme Court under the provisions of chapter 269 of the Laws of 1880 to review the assessment of the respondent made by the appellants as assessors of the village of Clinton, N. Y. They assessed the relator $50,000 for personal property. Upon "grievance day" the respondent appeared before the assessors, made complaint that she had no personal property which was subject to taxation, and asked that the assessment should be stricken from the roll. She was thereupon sworn and examined by them, and testified that she had no personal property which was subject to taxation, and stated what property she had, in what it was invested and the amount of debts she owed. During such examination, after having testified that since "last year" she had bought United States bonds, she was asked: "How many U. S. bonds and to what amount did you buy as you say?" This question she refused to answer. She was further examined by the assessors, who, at the completion of such examination indorsed upon the complaint and examination their disagreement as required by statute, and refused to strike her assessment from the roll.

The appellants made return to the writ, setting forth the respondent's complaint and examination, and the proceedings had by, and

which took·place before them in regard to such assessment, which concluded with the statement that, after considering the whole matter, and taking into account their personal knowledge and the knowledge they had acquired by diligent inquiry, they believed and decided that the relator was a taxable inhabitant of the village of Clinton when the assessment was made, and was the owner of $50,000 of personal property then taxable in said village, and, therefore, they refused to strike her name from the assessment roll. Upon the filing of such return the Special Term made an order appointing Walter Ballou, Esq., referee to take evidence relating to the matters set forth in the petition of the respondent and the return of the appellants thereto, and to report the same to the court with his opinion thereon. From that order the appellants appeal.

Chapter 269 of the Laws of 1880 provides that a writ of certiorari may be allowed, to review an assessment, when the petition shall set forth that the assessment is illegal, specifying the grounds of the alleged illegality, or is erroneous by reason of overvaluation, or is unequal. It was stated in the petition in this case that the assessment of the respondent was illegal, erroneous and void upon the ground that the petitioner was not then and had not been at any time during the year 1895 the owner of any personal property in the village of Clinton which was the subject of taxation.

Section 4 of the act of 1880 provides that if it shall appear by the return that the assessment complained of is illegal, erroneous or unequal for any of the reasons alleged in the petition, the court shall have power to strike such assessment from the roll, if illegal, or, if erroneous or unequal, to order a re-assessment. It then provides: " If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, the court may take evidence or may appoint a referee to take such evidence as the court may direct, and report the same to the court, and such testimony shall constitute a part of the proceedings upon which·the determination of the court shall be made."

The single question presented upon this appeal is whether the Special Term was authorized under this provision of the statute to appoint a referee to take proof in the matter and report the same to the court. The issue made by the petition and return was whether the respondent had personal property to the amount of

$50,000 in the village of Clinton, which was the subject of taxation. That under the provisions of section 4 of the statute of 1880, the Special Term was authorized to order a reference in this case, we have no doubt, unless the respondent is prevented from reviewing the action of the assessors by reason of her refusal to answer the question asked by them as to how many and what amount of United States bonds she had purchased.

Section 6 of chapter 176 of the Laws of 1851, as amended by chapter 536 of the Laws of 1857, provides that if the person examined by the assessors shall refuse to answer any question as to the value of his real or personal estate or the amount thereof, the assessors shall not reduce the value of such real or personal estate. An examination of the appeal book discloses that the appellants did not refuse to reduce the respondent's assessment because of her refusal to answer the question propounded by them, but after a full consideration of the matter they decided that the relator was a taxable inhabitant of the village of Clinton and the owner of personal property to the amount for which she was assessed, and it was for that reason they refused to strike her name from the assessment roll or reduce the amount of her assessment. Upon the issue as to whether the respondent was the owner of $50,000 of personal property which was subject to taxation, we think the court had authority to appoint a referee to take evidence and report the same to the court. (*People ex rel. Manhattan Ry. Co.* v. *Coleman,* 1 N. Y. Supp. 112.) Moreover, the record fails to disclose that the appellants at Special Term made any objection to the granting of the order of reference upon the ground that the respondent had refused to answer the question she had been asked by the appellants. Under such circumstances, we think that the respondent's refusal to answer is not available on this appeal. (*People ex rel. R., W. & O. R. R. Co.* v. *Hicks,* 40 Hun, 598.)

In the case of *The People ex rel. Dexter* v. *Palmer* (86 Hun, 513), where it appeared that the relator was present before the assessors and refused to answer pertinent questions propounded to him by them, a reference was ordered, and it was held that the return of the assessors was not conclusive, but that the court might consider the evidence offered by the relator as well as that offered by the respondents. In *People ex rel. U. & D. R. R. Co.* v. *Smith* (24 Hun, 66)

it was held that the return was open to contradiction, and that the court might appoint a referee to take and report the evidence produced by the parties. In *People ex rel. T. U. R. R. Co. v. Carter* (52 Hun, 458) it was said that the return to a certiorari under the act of 1880 was not conclusive, but that the object of the act was to have a review, and that, too, on further evidence if necessary.

In view of these authorities, it is difficult to perceive how this court can hold that it is conclusively established that the relator refused to answer any pertinent or competent question as to the value of her property or the amount thereof. Upon a trial before the referee she may deny that there was any such refusal, and by competent and sufficient proof satisfy the Special Term that there was not. In that event, she would clearly be entitled to give such additional proof upon the question as to whether she had personal property to the amount for which she was assessed, as she might be able to furnish.

Whether the question propounded to the respondent was or was not material, we need not decide. The appellants' contention that it was material and pertinent because she was taxable on the value of the United States bonds held by her so far as their value was above par, cannot, we think, be sustained. It is true it was intimated by the court in *People ex rel. M. F. Ins. Co. v. Commissioners* (76 N. Y. 64) that bonds were exempt only to the extent of their par value instead of their market value, but in *People ex rel. Leonard v. Commissioners* (90 N. Y. 63) that question was more carefully examined, and the court held that the fact that United States bonds were above par in the market did not render the owner liable to assessment and taxation on the excess, and that the exemption was not limited to the par value, but applied to the entire value of the bonds. In referring to the case in 76 N. Y. the court in effect said that the question was of minor importance in that case, and had not been carefully considered, but that upon a fuller consideration of it they were constrained to hold that the exemption applied to the entire value.

These considerations lead to the conclusion that the order appealed from should be affirmed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order affirmed, with ten dollars costs and disbursements.