(27 Misc. Rep. 158.)

VINCENT v. CRAM et al. O'ROURKE v. SAME. MARREN v. SAME.

(Supreme Court, Special Term, New York County. April 21, 1899.)

MUNICIPAL CORPORATIONS—CIVIL SERVICE—RECREATION PIER ATTENDANT.
    Laws 1883, c. 354, § 13, as amended by Laws 1898, c. 186, § 3, giving municipal employés in competitive classes the right to be heard before removal, does not apply to an attendant of a recreation pier, chosen by competitive examination, whose employment lasts only during a certain season of the year.

Applications by Abbie M. Vincent, Elizabeth A. O'Rourke, and Bridget Marren, respectively, for writs of mandate to J. Sergeant

Cram and others, commissioners of docks of New York city. Denied.

Hyacinthe Ringrose, for the motion.
E. J. Freedman and John Whalen, Corp. Counsel, opposed.

GEIGERICH, J. These are applications for peremptory writs of mandamus directing the reinstatement of the petitioners as recreation pier attendants, from which position they were removed without a hearing, and without the filing of written charges, on November 13, 1898. The position held by the applicants was subject to competitive examination; hence it is claimed that the removal was illegal, because in disregard of section 3 of chapter 186 of the Laws of 1898, amending the general civil service law (Laws 1883, c. 354, § 13), which statute protects the holders of such position against removal without the filing of charges and an opportunity for explanation. The court of appeals has lately held in the case of People v. Dalton, 158 N. Y. 175, 52 N. E. 1113, that the act of 1898, referred to, applies to the city of New York, and operates to repeal the civil service provisions of the charter thereof, so far as it is inconsistent therewith. Therefore, if the nature of the case were such as to entitle the applicants to a hearing on charges, under the law of 1898, the dismissal could not be supported through resort to contrary provisions of the charter governing dismissals. I think, however, that the case is not within the protection of the civil service law, in view of the nature of the employment and the circumstances of its termination. It appears, and is not disputed, that the employment of a recreation pier attendant is not such as to continue throughout the year, since the piers are open only from May to November. To say, therefore, that the law required the incumbent of such a position to be retained in employment continuously would be quite unreasonable, unless the statute which governs the employment so declares in unmistakable terms. I think that the rule applied by the courts to cases where an office has been abolished should apply here, since the reasons upon which the rule is based have equal cogency in this case. The incumbent of an office which is abolished cannot assert that he has been deprived of the benefit of a hearing secured to him by protective civil service laws when his dismissal simply follows the abolition of his office in good faith, for, under such circumstances, the statute is held to have no application. The test adopted is simply whether the dismissal was because of the fact that the services of the employé were no longer needed, as distinguished from a case of removal to make way for another (see Phillips v. Mayor, etc., 88 N. Y. 245; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554; People v. King, 13 App. Div. 400, 42 N. Y. Supp. 961), and upon the facts the dismissal of the applicants merely followed the discontinuance of the office for the period for which reinstatement is sought; that discontinuance being solely because of the fact that the services were no longer needed. I conclude, therefore, that the applications should be denied, with $10 costs of each application.