(29 Misc. Rep. 701.)

PEOPLE ex rel. HAGGERTY v. CLAUSSEN et al.

(Supreme Court, Trial Term, New York County. December, 1899.)

CITY EMPLOYES—CIVIL WAR VETERANS—DISCHARGE—REINSTATEMENT.
    Where a Civil War Veteran, appointed for special work on a city improvement, was removed when his services were no longer required thereon, and there was no vacancy in the public service to which he could be transferred, as required by Laws 1898, c. 184, he was not entitled to reinstatement in the public service, since such act does not contemplate that vacancies shall be created where none exist.

Mandamus by the people, on the relation of John L. Haggerty, against George C. Claussen and others, New York park commissioners. Dismissed.

H. Ringrose, for relator.

John Whalen, Chas. Blandy, and Wm. B. Crowell, for defendants.

McADAM, J. It is well settled that, where the services of a person are required by the municipality for some special work, he may be dismissed when such work is finished. People v. Gilroy, 60 Hun, 507, 15 N. Y. Supp. 242; People v. Adams, 133 N. Y. 203, 30 N. E. 851; People v. Wurster, 89 Hun, 5, 35 N. Y. Supp. 89; In re Vincent, 27 Misc. Rep. 158, 57 N. Y. Supp. 771. The relator was appointed for special work on the Speedway, and, when the work on the Speedway had so far progressed that his services were no longer required, he was removed. Such removal was legal, under the cases cited. The contention of the relator that, even if the work on the Speedway was finished, yet he should not have been discharged, but retained in the employ of the city, because a veteran of the Civil War (Laws 1898, c. 184), does not aid him. The court, in Re Breckenridge, 160 N. Y. 103, 54 N. E. 670, held that the provision of the act of 1898, supra, which requires that when a position held by a veteran shall become unnecessary, or be abolished for reasons of economy, he shall not be discharged, but shall be "transferred to any branch of the public service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," contemplates for its operation the existence of a vacancy in such position, and not that a vacancy be created for the veteran. The park commissioners seem to have done all in their power to follow out the provisions of the act of 1898, supra, but have been unable to find a place in the public service to which the relator could be transferred. Under the circumstances, the relator has no grievance which this court can redress by mandamus for reinstatement. The proceedings must therefore be dismissed.