Floyd J. Haire, Respondent, v. Abraham Van Zorge, Appellant.— Order denying defendant's motion to open his default upon the trial, and to set aside the judgment thereafter entered against him by the plaintiff, affirmed, with fifty dollars costs and disbursements. Counsel for the defendant states in his affidavit submitted in support of the motion that "There can be no question but that the default was deliberate." The practice adopted by the defendant's counsel in endeavoring to override the ruling by the trial court in refusing him further delay in the trial of the action, for his own selfish purpose, did not meet with the approval of the trial court, nor does it meet with ours. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

Florence G. Hendrickson, Respondent, v. Charles C. Hendrickson, Appellant.— Appeal by defendant from an order denying his cross motion for an order further modifying the final judgment of separation herein, as heretofore modified by an order of this court [see 266 App. Div. 867, 1011], by reducing the amount of alimony payable thereunder from twenty-five dollars a week to five dollars a week, or, in the alternative, to have the matter referred to an official referee for a hearing. Order modified on the law and the facts by striking out the words "is in all respects denied" and in place thereof inserting a provision granting the motion to the extent of referring the matter to an official referee to hear the issues presented by the affidavits and to report, with his opinion, to Special Term. As thus modified, the order is affirmed, without costs. The issues presented by the conflicting affidavits can best be determined by an oral hearing. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

Ruth C. Hennessy, Respondent, v. Equitable Life Assurance Society of the United States, Appellant.— Action to recover under the accidental death provision in a policy of life insurance. Order denying defendant's motion to examine the plaintiff as a party reversed on the facts, without costs, and the motion granted, without costs, to the extent of permitting the examination upon the three items described in the notice of motion, after modifying the first and second items as follows: the first item by striking out the words "without license or permit"; and the second item by striking out the word "exact"; the examination to proceed on five days' notice. Under the facts and circumstances of this case the motion should have been granted. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.