ELIZABETH M. GOSSIN, Plaintiff, *v.* WILLIAM J. GOSSIN, Defendant.

Supreme Court, Trial Term, Oneida County, November 30, 1946.

*Bartle Gorman* for plaintiff.

*Abelove, Myers & Rosenblum* for defendant.

MALPASS, J. This is an action for divorce, or in the alternative, for a separation. The action was on the calendar of the September Equity Term of the County of Oneida and was ordered by the court to be referred to an official referee to hear, try and determine the issues herein.

The order to refer was made on the court's own motion. Therefore, it is proper to state the circumstances which moved the court to refer the action to the official referee. When the calendar of causes was called, upon the opening of the September Term, the court was advised by the attorney for defendant that the trial of the action should be held pending service of a bill of particulars by the plaintiff. The court accordingly held the trial pending further information as to whether the parties were ready to proceed. The September Term came to a close on Friday, September 27th, insofar as cases on the general calendar were concerned but was continued to September 30th for the purpose of enabling the court to take testimony in a proceeding involving the validity of an independent petition for the nomination of a candidate for Assembly in one of the Assembly Districts of Oneida. In this proceeding it was claimed that a large number of signatures were forged and that the procedure in connection with the procuring of a large number of signatures was invalid and did not comply with the provisions of the Election Law. At the opening of court on September 30th there were a large number of persons present whom the court was informed had been subpœnaed as witnesses in the election proceeding. Under these circumstances the court was of the opinion that it probably would be impossible for the instant action to be tried at the September Equity Term. The court, being advised that both parties were then ready to proceed, ordered the action referred to an official referee to hear, try and determine the issues.

It is claimed by the defendant that the order of reference should be vacated for the following reasons: (A) The said order, referring the issues to Hon. FRANK J. CREGG, Official Referee, to hear, try and determine, was not based upon the consent of the defendant, manifested by a written stipulation, signed by his attorneys and filed with the Clerk, pursuant to section 464 of the Civil Practice Act.

(B) The trial of the above-entitled action will not require the examination of a long account on either side, and will not require the decision of difficult questions of law.

(C) No notice was given to defendant so that he could be heard on the question.

(D) The order is not based upon any affidavits or other moving papers.

(E) The plaintiff will not in any way be prejudiced by waiting for a Trial Term, because the defendant will continue to furnish her with the sum of $15 per week until the matter is disposed of.

The office of official referee is provided for in article 4-A of the Judiciary Law and section 116 of the Judiciary Law provides for the appointment of official referees of the Supreme Court. It was the purpose of the Legislature in creating the office of official referee to aid and assist the Supreme Court in the disposition of cases pending in that court. Justices of the Supreme Court are empowered to refer to an official referee any actions or proceedings permitted under the statute creating that office. The statute creating the office of official referee is constitutional. (*Matter of Brock*, 245 App. Div. 5.)

Counsel for defendant has entirely disregarded the provisions of section 116 of the Judiciary Law and would limit the power of the court to refer to an official referee only those actions referable under the provisions of the Civil Practice Act. Where authority to refer is reposed in the court by another statute, the court has power to order a reference even though such reference would not otherwise be authorized. This conclusion is supported by the decision in *People ex rel. Dwight* v. *Platt* (92 Hun 349) where the appointment of a referee under section 293 of the Tax Law [then L. 1880, ch. 269, §§ 4, 5] was upheld.

Section 116 of the Judiciary Law provides that, " Every retired justice of the supreme court in the respective four judicial departments who, pursuant to former provisions of this article, is acting and in the discharge of his duties as official referee of the supreme court at the time this section as hereby amended takes effect, may continue to act as referee, without any compen-

sation to be paid by the parties, to hear and report upon or to hear and determine (1) any action, claim, matter, motion or special proceeding pending in the supreme court, surrogate's court, or the county court of any county, referable by statute or the rules and practice of said courts, in which the justice, judge or surrogate making the order of reference shall deem that for any reason the expenses of such reference shall not be borne by the parties to such action, claim, matter, motion or proceeding; (2) any action, claim, matter or special proceeding of a civil nature pending in such courts except a matrimonial action, referred upon consent of the parties thereto; (3) *any contested action for divorce, or for a separation or to annul a marriage where the same shall be referred by order or rule of court;* (4) any undefended action for divorce, or for a separation, or to annul a marriage, or a proceeding for the dissolution of a marriage on the ground of absence, where the same shall be referred by order or rule of court. * * * ''

It has been generally recognized that this section authorizes a reference to an official referee to hear and determine the issues in an action for divorce or separation. (*Matter of Brock,* 245 App. Div. 5, *supra; Snell* v. *Snell,* 177 Misc. 923; *Dusch* v. *Dusch,* 167 Misc. 449, affd. 257 App. Div. 909.)

The power of the court to refer an action for divorce, separation or annulment is not restricted to actions where such reference has been stipulated by the parties, or their attorneys. Section 116 of the Judiciary Law provides that an official referee has jurisdiction '' to hear and report upon or to hear and determine * * * any action, claim, matter or special proceeding of a civil nature pending in such courts *except* a matrimonial action, referred upon consent of the parties thereto '', and references to an official referee in such cases as the instant case have been ordered without any stipulation that an order of reference be made. (*Hendrickson* v. *Hendrickson,* 268 App. Div. 1045; *Burns* v. *Burns,* 263 App. Div. 867.) Rule 281 of the Rules of Civil Practice forbids the parties to a matrimonial action to stipulate a reference to a named referee. It is clear that a stipulation consenting to a reference to an official referee in a contested or uncontested matrimonial action is not a condition precedent to the entry of such an order. If such a stipulation or consent was a condition precedent it would defeat the very purpose for which the office of official referee was created by the Legislature, namely, to aid the Supreme Court in the disposition of cases pending in that court.

It appears that the defendant has filed a notice of appeal to the Appellate Division from the order of September 30, 1946, and that said appeal is now pending. It would seem, therefore, that this court lacks jurisdiction to grant the order sought on this motion.

For the foregoing reasons, the motion of the defendant is denied and an order to that effect may be entered herein, with $10 costs to the plaintiff.