On motions of this character, the relevant statutes do not make the taking of oral proof before the court or an official referee a prerequisite to the granting of relief. (Civ. Prae. Act, §§ 467, 1172-a; Judiciary Law, §§ 772, 770, 756.) Ordinarily, of course, if a dispute arises as to the material facts, it is the preferable and common practice to direct a reference to an official referee to hear and report before any final determination is made by the court. (Staehr v. Staehr, 269 App. Div. 762; Nabut v. Nabut, 271 App. Div. 935; Rolfo v. Rolfo, 271 App. Div. 892; Hendrickson v. Hendrickson, 268 App. Div. 1045.) But this practice is not mandatory, inflexible or invariable. When a hearing has been had, upon which the facts are clearly established by affidavits, and by the record of the prior *776 proceedings, as they are here, the court may, and from time to time does, finally determine the motion, without taking testimony or directing a reference for that purpose. (Myers v. Myers, 252 App. Div. 768; Hendrickson v. Hendrickson, 266 App. Div. 1011.) In such case a reference would merely delay unnecessarily the final decision. Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ., concur.